STATE v. ROBINSON.

Under an indictment for assault with intent to kill, the jury found defendant "guilty of an aggravated assault and battery."   *Held*, on motion in arrest of judgment, that an assault with intent to kill includes the lesser offence of "an aggravated assault," and to that extent the indictment supported the verdict ; and although the conviction of a battery could not stand because it was not charged, yet the words, "and battery," could be stricken from the verdict as surplusage, without affecting the sense of that which remained.   The defendant, therefore, was properly sentenced to punishment for an aggravated assault.
MR. JUSTICE MCIVER, *dissenting*.

Before PRESSLEY, J., Barnwell, July, 1888.

Indictment against Thomas Robinson. The opinion states the case.

*Mr. James E. Davis*, for appellant.

*Mr. Solicitor Murphy*, contra.

October 23, 1889. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The defendant was tried at the July term (1888) for Barnwell County, for *an assault* with intent to kill, alleged to have been committed on the person of one Felix Furman. The indictment charged as follows, viz.: "That Thomas Robinson, late of the county aforesaid (Barnwell), on the fourth day of May, in the year of our Lord one thousand eight hundred and eighty-eight (1888), with force and arms, &c., &c., in and upon Felix Furman, in the peace of God and the said State, then and there being, did make an assault, and him, said Felix Furman, then and there, with a certain pistol, did shoot at, with intent him, the said Felix Furman, then and there, feloniously, wilfully, and of malice aforethought, to kill and murder; and other wrongs, to the said Felix Furman, then and there did, to the great damage of the said Felix Furman, against the form of the statutes, in such case made and provided, and against the peace and dignity of the same State aforesaid," &c. The defendant pleaded not guilty, and the jury found a verdict of "*guilty of an aggravated assault* and *battery.*"

The presiding judge refused a motion to arrest the judgment, and pronounced sentence as for "*an assault* of a high and aggravated nature," &c., under the statute; and the defendant appeals, renewing here his motion in arrest of judgment, on the grounds: "1st. In that the indictment charged an *assault with intent to kill* by shooting at one Felix Furman, and there is no allegation of any battery; hence a verdict of 'aggravated assault *and battery*' is unsupported by any allegation in the indictment. 2nd. For that the defendant could not be convicted of 'aggravated assault *and battery*,' there being no count in the indictment charging him with that offence; and as the indictment does not charge a *battery*, it is respectfully submitted, that he was not called upon to meet it, and, therefore, the judgment should be arrested."

It is quite clear that the indictment charged an offence cognizable by the court, viz., an *assault* with intent to kill, by discharging a pistol at the person of Felix Furman. The verdict of the jury, however, went beyond the charge, and found the defendant guilty of something more—*a battery*. No battery was charged in the indictment, and to that extent the verdict was *unsupported.* But does that necessarily make the whole verdict bad?—so unauthorized and irregular as to require the court to arrest the whole judgment, including, also, the conviction for an assault, which was well charged? We can hardly think so. It is within the province of the court to construe a verdict, "which, being the finding of lay people, need not be framed under the strict rules of pleading, or after any technical form. Any words which convey the idea to the common understanding will be adequate. * * Surplusage, which is harmless, may be stricken from a verdict, the same as from pleadings" (*Bish. Crim. Proc.*, § 1005).

It seems the rule is, that words will not be stricken from a verdict as surplusage if the matter so rejected affects the sense of the part which still remains; or, as stated in the case of *Weikman* v. *Charleston*, 2 Speer, 371: "It is only when a verdict, before certain and valid, according to a fair construction, has been cumbered by the addition of useless matter, not qualifying the previous meaning, that the addition can be rejected as surplusage," &c. Here "an assault" was in terms alleged and so found; and the unauthorized finding of a "battery" was simply *additional—supplemental*—and in no way qualified the previous meaning and finding of the "assault," and, as it seems to me, could be struck out, leaving the verdict as if it had been rendered alone for *an assault* of a high and aggravated nature. An assault is a separate and distinct thing from a battery, and why may not a finding be good as to one and bad as to the other, especially when the latter is bad only for the reason that it was not charged in the indictment? It seems to us that it would be a strange and over-technical result, if *the addition* to a verdict of unauthorized expressions—utterly without force for any other purpose—should yet be construed to have the effect of destroying altogether a verdict *otherwise good and* valid—or to the extent *that it is perfect.*

Assuming, then, that the words, "and battery," were properly

disregarded as surplusage, we must consider the verdict as if it had been rendered "guilty of an aggravated assault." But in this view, it is further urged, that this was not *the very* offence with which the defendant was charged in the indictment—the offence charged being an assault with intent to kill, and that found being an assault of a high and aggravated nature. We think the offence found was charged and included in the body of the charge of assault with intent to kill, as the charge of man-slaughter is embraced in the charge of murder. It is true that, with special reference to the jurisdiction of the court, our statute does speak of "assaults and batteries and other breaches of the peace of a high and aggravated nature." *Gen. Stat.*, § 824. But we do not understand that the purpose was to create a new and distinct offence of that character, but rather to indicate a class of cases, of which the Court of General Sessions had jurisdiction. See *State* v. *McKettrick*, 14 S. C., 354. There is, as we con-ceive, nothing in the verdict, with the surplusage stricken out, which is inconsistent with the offence charged. As it seems to us, the terms used in the statute, "assaults of a high and aggra-vated nature," adopted by the jury in framing their verdict, were not inappropriately used, to express the grade of an assault less than one "with intent to kill," which most certainly is one of "a high and aggravated nature."

Now, if (as we have a right to do) we supplement the verdict, the surplusage being stricken out, by the formal and technical words, "in manner and form as set forth in the indictment," it will clearly appear that the verdict, though finding a less offence than the one charged, was in precise response to the issues made, and sufficient to support the judgment. "In general verdicts, *modo et forma* being merely technical words, may be supplied, for the inquiry of the jury, being properly confined to the facts comprized in the issues, it must be intended that whatever facts may be found are according to the allegations made, unless a different intention can be inferred from the verdict." *Weikman* v. *City Council*, 2 Speer, 374 ; *Commonwealth* v. *Judd et al.*, 2 Mass., 329. If, however, the words of the statute, in reference to "assaults of a high and aggravated nature," must be considered as creating a new and different offence, of which the jury convicted

the defendant, then that offence, being of the same general char-
acter, but of lower grade than that charged in the indictment, we
do not see why the jury could not, under the charge of assault
with intent to kill, find an assault of lower grade; as, for instance,
one without the intent to kill, or of a high and aggravated nature,
upon the plain principle that the lesser is included in the greater,
the charge of which includes and covers also the charge of the
lesser offence, as in murder and manslaughter. See 1 *Bish. Crim.
Proc.*, §§ 1001 and 1016, and *State* v. *Gaffney*, Rice, 434.

The *State* v. *Wilburne*, 2 Brev., 296, and *State* v. *Chreighton
& Bell*, 1 Nott & McC., 256, were both cases as to the finding of
a *grand jury*, in which it was held that the *grand jury* must find
*billa vera* or *ignoramus* and nothing more. These cases have no
application here. The case from Rice, *supra*, was in reference
to the proper construction of the statute of 1821, making it *mur-
der* to kill a slave with malice aforethought, and also creating a
new statutory offence of "killing in sudden heat and passion."
In delivering the judgment of the court, Judge *Earle* said: "The
general rule is, where the accusation includes an offence of inferior
degree, the jury may discharge the defendant of the higher crime
and convict him of the less atrocious. * * * We conclude,
therefore, that under the act the greater offence includes the les-
ser, to the same extent and for the same reason that murder in-
cludes *manslaughter* at the common law. * * * It is supposed,
however, to be at variance with the rule of criminal pleadings,
which requires statutory offences to be set forth precisely in the
words of the act. In point of fact, the greater offence is set forth
precisely. The true objection is, that killing 'in sudden heat and
passion' is not laid in the indictment, and, therefore, the defen-
dant cannot be convicted of it. If the objection had been made
on the trial, the answer would have been, 'The defendant is on
trial for killing a slave [assault with intent to kill in this case];
the degree of guilt depends upon the proof, and the offence will
be established by the verdict.' The offences are, in fact, only
different degrees of guilt, arising out of the same act, and the
verdict having acquitted of the murder, may be considered as
inserting the words necessary to constitute the inferior offence,
and thus makes the record a bar to another prosecution, or it may

be regarded as a special verdict, which the jury have the same right to find in criminal as in civil cases, and the degree of guilt is a conclusion of law from the facts found. We think there is the same reason for allowing this course in statutory offences as in offences at common law," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE SIMPSON. It appears to me, that although the defendant has been convicted by the jury of an offence not charged in the indictment, yet the offence charged is embraced in the one of which he has been convicted. He has, therefore, been convicted of the offence charged, as well as of an additional offence. But the sentence and punishment were expressly confined to the offence charged. Such being the fact, I see no reason why the judgment below should not be affirmed. I have, therefore, concurred in the opinion of Mr. Justice McGowan.

MR. JUSTICE McIVER, *dissenting.* As I cannot concur in the conclusion reached in this case, I propose to state briefly the grounds of my dissent. I take the rule to be well settled, that a party cannot be convicted of an offence different from that with which he is charged, unless the offence of which he is convicted is of the same nature, but of a lesser degree, than that with which he is charged, and the one can be said to be included in the other. For example, under an indictment for murder, one may be convicted of manslaughter, or under an indictment for assault and battery one may be convicted of a simple assault. But I do not understand that the converse of this rule is true, and I do not think any case can be found, where, under an indictment for the lesser offence a conviction for the greater, even where they are of the same nature, and differ only in degree, has been sustained.

Applying this rule to the present case, it is clear to my mind that this conviction cannot be sustained. The indictment charges an assault with intent to kill, and contains no charge that any battery was committed; and yet the verdict finds the defendant guilty "of an aggravated assault *and battery.*" In other words, the jury have undertaken to convict the defendant of a charge

not made against him, of an offence which the indictment did not
call upon him to answer—have passed upon an issue not made in
the pleading (the indictment)—and which, therefore, they had no
authority to try.   Now, while it might have been entirely com-
petent for the jury, under this indictment for assault with intent
to kill, a well defined common law offence, to have convicted the
defendant of a simple assault (as long as the court had jurisdiction
of that offence), or even of assault of a high and aggravated na-
ture, inasmuch as the conclusion *contra formam statuti* is found
in the indictment; yet I see no warrant whatever for saying that
a conviction, either for assault and battery, or for assault and
battery of a high and aggravated nature, can be sustained.   For
while it is quite true that assaults and batteries are offences of
the same nature, and differ only in degree, yet, while every bat-
tery necessarily includes an assault, ·it is *not* true that every
assault necessarily includes a battery.   So, while a charge of
assault with intent to kill may necessarily include a charge of
simple assault, or, perhaps, an assault of a high and aggravated
nature, yet it certainly does not include a charge of battery.

Ever since the case of the *State* v. *Wilburne* (2 Brev., 296),
the difference between a charge of assault and a charge of assault
and battery has been recognized.   In that case it was held that,
where an indictment in a single count charged the offence of
assault and battery, and the grand jury found a true bill as to
the assault and no bill as to the battery, a conviction for the
assault could not be sustained, under the rule which requires the
grand jury (in this respect different from the petit jury) to find
generally on the whole charge contained in the indictment, and
cannot find a part of the charge true and a part not true.   But
if, as that case recognizes, the indictment had contained two
counts—one charging the offence of assault and battery, and the
second charging the assault simply—then it would have been
entirely competent for the grand jury to have found "no bill" as
to the first count and "true bill" as to the second.   In *State* v.
*Raines*, 3 McCord, 533, the charge was for killing a slave, the
indictment containing two counts—one for the murder of a slave,
under the first section of the act of 1821, and the other for kill-
ing a slave "in sudden heat and passion," under the second sec-

tion of that act. The verdict was "guilty of manslaughter," and the court held that no judgment could be pronounced upon such verdict, and hence the judgment should be arrested, because the defendant had been convicted of an offence with which he was not charged in the indictment.

In the *State* v. *Gaffney* (Rice, 434), the prisoner was indicted for the murder of a slave, under the act of 1821, and the verdict was "not guilty of murder, but guilty killing on sudden heat and passion." A motion in arrest of judgment was refused upon the ground that a charge of the murder of a slave, under the act of 1821, includes within it the lesser offence of killing "in sudden heat and passion," under the second section of that act, to the same extent and for the same reason that murder, at common law, includes the lesser offence of manslaughter. This is a plain recognition of the rule as above stated, and that is all really that the case decides. It is true that Earle, J., in delivering the opinion of the court, does make some remarks, indicating that he thought the conviction in the case of Raines, *supra*, might have been sustained; but he does not say anything which would even imply that he thought a conviction for an offence higher in degree than that charged, though of the same nature, could be sustained. On the contrary, his whole argument proceeds upon the very same rule as that stated in the outset of this opinion, viz., that a conviction for an offence not specifically stated in the indictment, can only be sustained where it is of the same nature, and differs only in degree, *and where it is necessarily* included in the charge as laid.

It is, however, contended that the words "and battery" in the verdict may be rejected as surplusage, so that it may be treated simply as a verdict of "guilty of an aggravated assault;" and it only remains to consider the authorities cited to sustain that proposition. The first case, in point of time, which is cited is *Patterson* v. *United States* (2 Wheat., 221), where Mr. Justice Washington lays down the rule in these words (italics mine): "A verdict is bad, if it varies from the issue *in a substantial matter*, or if it find only a part of that which is in issue;" and, after stating the reason of the rule, he adds (italics still mine): "It is true, that if the jury find the issue and something more, the lat-

ter part of the finding will be rejected as surplusage; *but this rule does not apply to a case where the facts found in the verdict are substantially variant from those which are in issue."*

Now, in the present case the issue which the jury were called upon to try was, whether the defendant was guilty of the charge as laid in the indictment, and as that charge was plainly an assault with intent to kill, which did not necessarily include the charge of any battery, it seems to me plain that the verdict as found "varies from the issue in a substantial matter," and is therefore, under the case cited, bad; and that the additional finding that the defendant is guilty of a battery, as well as of the charge laid, cannot be rejected as surplusage, because the fact thus found is "substantially variant from those which are in issue." The rule thus laid down by Washington, J., could very well be applied where, as in *Massey* v. *Duren,* 7 S. C., 310, a case likewise cited by the solicitor, the additional matter incorporated in the verdict was not variant from the issue in any substantial manner. There the action was "trespass to try titles," and the jury after finding for the defendant the land in dispute, added to their verdict words purporting to describe the land thus found for the defendant. That was a plain case of surplusage, and the rule was properly applied.

In *Weikman* v. *City Council* (2 Speer, 571), this matter has been discussed, but it seems to me that the decision in that case, so far from supporting the view contended for, is directly antagonistic to it. In that case the action was to recover the penalty imposed by a city ordinance on retail grocers for keeping spirituous liquors in their shops without a license. The verdict was in these words: "We find the defendant guilty of having liquor in the back room, and assess the fine of fifty dollars." It was contended for the plaintiff either that all after the word guilty might be rejected as surplusage, or that to the words "guilty of having liquor in the back room" might be appended technical words—*modo et forma*—so that the verdict might read guilty of having liquor in the back room in the manner and form alleged in the declaration. But the court held otherwise, saying: "It is only where a verdict, before certain and valid, according to a fair construction, has been cumbered by the addition of useless mat-

ter, not qualifying the previous meaning, that the addition can be rejected ·as surplusage." And as to the proposition to supplement the verdict by the addition of the technical words, *modo et forma*, the rule was laid down as follows : "In general verdicts *modo et forma*, being merely technical words, may be supplied ; for the inquiry of the jury being properly confined to the facts which are comprised in the issue, it must be intended that whatever facts may be found, are according to the allegations made, *unless a different ·intention can be inferred from the verdict"* (italics mine).

Now, surely it cannot be said that the additional words—"and battery"—which it is proposed to reject as surplusage, are merely "useless matter. not qualifying the previous meaning," but, on the contrary, they are material and conclusively show that the jury intended to convict the defendant of a charge not laid in the indictment. To reject these words as surplusage would be a reformation of the verdict by the court to make it express a different intention from that plainly expressed by the jury.

As to the other re-formation of the verdict, by adding the technical words *modo et forma*, it is quite clear if this were done, that the intention of the jury would be entirely defeated, and their verdict would be made to express an intention directly contrary to that which they have plainly expressed. For if the verdict should be read as "guilty in manner and form as alleged in the indictment," that would necessarily mean guilty of assault with intent to kill, whereas the verdict, as written by the jury, plainly shows that they did not intend to find the defendant guilty of assault *with intent to kill.*

The case of *State* v. *Izard* (14 Rich., 209), was also referred to in the argument, but as it does not seem to me to be in point, it will be only necessary to make a brief statement of it without comment. Under an indictment for assault and battery, the jury found the following verdict: "We find the defendants guilty of an assault, but not with the intention of injuring the parties, and not of the battery." On appeal the verdict was set aside and a new trial ordered, because it was doubtful what the jury really intended. There was but little discussion, and no principles laid down applicable to the present inquiry.

It seems to me, after a very careful examination, that there is no view upon which the verdict can be regarded as sufficient to warrant any judgment, and hence that the Circuit Judge erred in refusing the motion to arrest the judgment. It seems to me plain that the defendant, under an indictment for one offence has been convicted of another not included in the charge as laid, and this is a violation of one of the fundamental rules of criminal pleading and practice.

Judgment affirmed.