7494

## STATE v. McKELLAR.

1. EVIDENCE—MALICE—AGGRESSOR.—That one charged with assault and battery with intent to kill, after shooting at the prosecutor on his way home, followed him there, and with a pistol in his pocket said he had come to kill him, is competent as tending to show malice and who was the aggressor.

2. CONCEALED WEAPONS.—Under evidence here Court could not have directed a verdict for defendant as to carrying concealed weapons.

3. ASSAULT AND BATTERY.—CHARGE here complained of defining difference between assault and battery with intent to kill and of assault with intent to kill is not susceptible of the construction that it eliminated the plea of self-defense and authorized a conviction for shooting even if done in self-defense, nor is it on the facts.

4. CHARGE.—It is not desirable that the trial Judge while instructing the jury on one branch of the law applicable to the case should immediately follow it by stating the law applicable to another view of the evidence, but it is enough if the law of the case from every view of the evidence is correctly given.

5. ASSAULT AND BATTERY.—CHARGE complained of was not on the facts, but was favorable to defendant as it eliminated the charge of assault and battery with intent to kill and limited the conviction to assault with intent to kill besides instructing the jury as to all possible verdicts.

6. SELF-DEFENSE.—One cannot be the sole judge of the necessity to strike in self-defense without retreating, but he must satisfy a jury not only that he actually believed in the present existence of the necessity, but that a man of ordinary prudence and reason would also have believed and acted as he did.

7. SENTENCE.—The verdict here being for "assault with intent to kill" and the Court having instructed the jury there was no evidence of a

battery, so much of the sentence as refers to "battery" must be treated as a clerical error, and surplusage.

8. IBID.—When several sentences are imposed for separate and distinct offenses after conviction thereon on several counts in the same indictment, they run concurrently unless the intention that one should begin at the expiration of the other is expressed.

Before MEMMINGER, J., Greenwood, October term, 1908. Affirmed.

Indictment against Dave McKellar, for assault and battery with intent to kill. From sentence, defendant appeals.

*Mr. D. H. Magill,* for appellant, cites: *What happened after affray improperly admitted:* 11 Ency. P. & P., 301; 68 S. C., 304, 276; 11 Ency. Ev., 403. *Charge that shooting at another makes out the crime of assault is misleading:* 72 S. C., 202; 3 Brick. Sack. Inst., sec. 4616; 21 S. C., 595; 28 S. C., 4; 47 S. C., 489. *Error to leave to jury to say if defendant was required to retreat:* 158 U. S., 550; 13 S. C., 466. *Sentence is not responsive to the verdict:* 19 Ency. P. & P., 439; 70 S. C., 387. *And is void for uncertainty:* 19 Ency. P. & P., 474, 484. 3 McArthur, 24; 76 Ill., 499. *This Court can only reverse the judgment below:* Hughes Crim. L. Proc., sec. 3344; 45 Ill., 90; 4 Bl. Corm., 393.

*Solicitor R. A. Cooper,* contra.

March 16, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Defendant was indicted for assault and battery with intent to kill, and carrying concealed weapons.

Following is the substance of the testimony for the State: C. F. Franklin, the prosecutor: I was coming from McCormick in my buggy. Met defendant and his brother. Dave walked out and said, "whoa," and as soon as he got behind

16—85

the buggy, he shot. Don't know why he did it. My mule ran off. He shot twice more. He did not hit me, but hit my buggy. Just as he passed the buggy he started in his pocket. Cross-examination. I had my pistol. Deny firing at Dave. Had been drinking, but was not drunk. Told B. I was drinking. Told him when Dave came up and went to shooting, I didn't know whether he was shooting at me or not. I didn't see him shoot. When he went behind the buggy, he went to fumbling with his pocket—fumbling with his coat here (indicating). Didn't see any pistol.

C. L. Thurmond: Live with Franklin. Took his mule out when he came home. Q. Just after you took it out, who came? A. Dave. Q. Did he have anything to kill him with, and where did he have it? Mr. Magill: I object to that. He is not charged with carrying an unlawful weapon any time, except at the time this alleged assault and battery was committed. The Court: This is to show malice, I suppose—evil intent. I think it is relevant on the issue—he is charged here with assault and battery with intent to kill. To show a man followed up another would go to show whether he had malice or not. The Solicitor: That is the purpose of the testimony. Witness answered: He had a pistol in his pocket. He asked me where Franklin was, and said he came there to kill him.

The evidence for the defendant tended to prove self-defense.

The verdict was: "Guilty of assault with intent to kill. Guilty of carrying concealed weapons." The sentence was: "That the defendant, Dave McKellar, be confined at hard labor upon the public works of Greenwood County, for assault and battery with intent to kill, for a period of two years, or in the State penitentiary for a like period of time at hard labor, and be confined upon the public works of Greenwood County at hard labor, or in the State penitentiary at hard labor, for one year for carrying concealed weapons, under the verdict in the within indictment." .

The first exception is that his Honor erred in allowing the witness, Thurmond, to testify that defendant came to the prosecutor's house immediately after the difficulty, and said that he had come there to kill him, for the purpose of showing malice at the time of the difficulty.

It was clearly admissible, as it tended to show the state of the defendant's mind toward the prosecutor, and, in connection with the evidence of the prosecutor, it tended to show that defendant was the aggressor in the difficulty. *State* v. *Marks,* 70 S. C., 448, 50 S. E., 14; *State* v. *Smalls,* 73 S. C., 516, 53 S. E., 976.

The bare statement of the testimony for the State shows that this Court cannot say there was error in refusing to direct a verdict of not guilty on the charge of carrying concealed weapons. The prosecutor said the defendant passed him, and he saw no pistol; that as he passed him he went to "fumbling with his pocket—fumbling with his coat here (indicating)." The record does not disclose how the witness "indicated," or described the defendant's fumbling with his coat. It may have indicated the getting of a pistol from an inside coat pocket.

In defining the difference between assault and battery of a high and aggravated nature, and assault and battery with intent to kill, the Court charged: "An assault is an attempt to do violence to the person of another. That is a simple assault. Now, if that attempt is made with a weapon capable of inflicting serious bodily harm, such as a pistol—to fire at a man with a pistol—that would be an assault of a high and aggravated nature, in the law, and if that were done with the intention of killing the man, it would be an assault with intent to kill. Now, as to what a man's intentions were, you have to judge of that from the facts and circumstances of the case. You have to be satisfied, in order to find there was an intent to kill, that had the killing resulted, the death would have been murder. If the death would only have been mansluaghter, as if done in

sudden heat and passion upon sufficient legal provocation, the crime of assault with intent to kill would not be complete—it would only be assault of a high and aggravated nature."

The exceptions impute error in the portion of the charge above set out, in that it eliminated the plea of self-defense, and authorized a conviction for shooting, under such circumstances, even if done in self-defense. The charge is not susceptible of such a construction; for, immediately following the language above quoted, the law of self-defense was fully and correctly charged, and the jury were instructed that, if the plea was made out, the defendant should be acquitted.

We have recently held, in several cases, that a judge cannot charge all the law applicable to a case in a single proposition; nor is it necessary, when he charges upon one branch of law, applicable to the case, that he should then, and in immediate connection therewith, charge upon another, which may, according to the view which the jury may take of the testimony, modify it, or even make it wholly inapplicable. Such a method of charging would require so much repetition that it would tend to confuse, rather than help the jury to a correct understanding of the law. When the law applicable to the case from any view of the evidence is correctly charged, there can be no just ground for complaint. *Humphries* v. *R. R.,* 84 S. C., 202, 65 S. E. R., 1051; *State* v. *Dawson, infra,* 234.

We see nothing in the language quoted which warrants the complaint that it is a charge upon the facts.

The Court charged: "No battery having been proved, no striking of the person having been proved, the charge is reduced down to an assault with intent to kill." It is contended that this was a charge upon the facts, in that the language used was calculated to impress upon the jury the belief that, in the Judge's view of the evidence, the charge was reduced to an assault with intent to

kill, *and no lower.* The language used does not warrant such a construction. On the contrary, it was rather more beneficial than prejudicial to the defendant; for the jury were practically instructed that they could not convict defendant of *any higher offense* than assault with intent to kill. That was certainly no expression or intimation of opinion that they should convict him of any lower grade of offense. On the contrary, at the conclusion of the charge, the jury was told that they could find defendant guilty of assault with intent to kill, assault of a high and aggravated nature, or not guilty.

The fifth ground of appeal is as follows: "Because the Court erred in charging the jury as follows: 'The law requires him (defendant) to retreat unless, in the opinion of the jury, from the circumstances and facts, he would probably have endangered his safety by so retreating,' the error being in leaving it to the jury to say whether defendant's safety would be endangered by retreating, when it is submitted, he is not obliged to retreat or consider whether he could safely retreat, but is entitled to stand his ground and meet any attack made upon him, with a deadly weapon, in such a way and with such force as, under all the circumstances, *he* at the moment honestly believed, and had reasonable grounds to believe, was necessary to save his life or protect himself from great bodily harm."

One who pleads self-defense cannot be allowed to be the sole judge of the existence of the necessity to strike in self-defense. True, he may, and ordinarily must, act upon his own judgment as to the existence of that necessity at the time that he strikes. But he does so at the peril of being able to satisfy a jury, not only that he actually believed in the present existence of the necessity, but that, under the circumstances, a man of ordinary reason and firmness would also have believed and acted as he did. Therefore, the jury are the final judges of the existence of the necessity. If one

can, with reasonable safety to himself, retreat and thereby avoid the necessity to strike in self-defense, then the necessity for which the law will excuse him for striking cannot be said to exist. *State* v. *Sullivan,* 43 S. C., 205, 21 S. E., 4, and cases cited; *State* v. *Summer,* 55 S. C., 32, 32 S. E., 771.

The last exception is that the sentence was erroneous, in that it was for "assault and battery with intent to kill," when the verdict found defendant guilty only of an "assault with intent to kill." The trial Judge distinctly instructed the jury that "no battery having been proved * * * the charge is reduced down to an assault with intent to kill," and, again, in concluding his charge, he told them that they could find the defendant guilty of an assault with intent to kill, or of an assault of a high and aggrvated nature, or not guilty, which shows clearly that the words "and battery" found in the sentence is a mere clerical error, probably of the clerk in writing out the sentence, and left there by the inadvertence or oversight of the trial Judge. The words "and battery" must, therefore, be treated as surplusage. *State* v. *Robinson,* 31 S. C., 453, 10 S. E., 101.

Appellant further contends that the sentence is void because it does not certainly appear whether the sentence for carrying concealed weapons is to begin at the expiration of the sentence for assault with intent to kill, or to run concurrently therewith. When several sentences are imposed for separate and distinct offenses after conviction thereof on separate indictments, or on several counts in the same indictment, they run concurrently, unless the intention that one should begin at the expiration of the other is expressed. 25 A. & E. Enc. L. (2d Ed.), 307, *et seq.*

Judgment affirmed.