## 11805

### EX PARTE KLUGH
### STATE v. KLUGH

(128 S. E., 882)

1. INTOXICATING LIQUORS—INDICTMENT CHARGING POSSESSION AND TRANSPORTATION HELD NOT CONSTRUABLE AS CHARGE OF TRANSPORTATION WITH KNOWLEDGE OF ILLEGAL PROCUREMENT OR SALE.—Indictment charging unlawful possession and transportation of intoxicating liquor in substantially the language of Cr. Code, 1922, § 860, and not referable to Section 820, held, not construable as a charge of having transported intoxicating liquors knowing them to have been illegally sold or procured, in violation of Section 872, so as to warrant imposition of sentence in accordance with Sections 838 or 858, rather than Section 877.

2. HABEAS CORPUS—HABEAS CORPUS IS A COLLATERAL REMEDY, AND CALLS IN QUESTION ONLY JURISDICTION OF COURT WHOSE JUDGMENT IS CHALLENGED.—Habeas corpus is a collateral remedy, and calls in question only jurisdiction of Court whose judgment is challenged.

3. HABEAS CORPUS—RELIEF OF ONE SERVING EXCESSIVE SENTENCE AFTER SERVICE OF MAXIMUM SENTENCE UNDER LAW MAY BE HAD BY HABEAS CORPUS.—Where Court has imposed sentence in excess of maximum allowed by law, and where prisoner at time of application for discharge on habeas corpus has served out maximum term which Court had power to impose, so much of sentence as is excessive will be declared void, and prisoner discharged.

4. CRIMINAL LAW—DEFENDANT, ON CONVICTION UNDER INDICTMENT IN THREE COUNTS, HELD SUBJECT TO MAXIMUM PENALTY ON EACH COUNT.—Where indictment in three counts charged separate violations of Cr. Code, 1922, § 860, and verdict was "Guilty on all three counts," defendant was subject to maximum penalty, under Section 877, for each offense.

5. HABEAS CORPUS—ON HABEAS CORPUS PROCEEDINGS, SAME PRESUMPTIONS ARE INDULGED IN FAVOR OF VALIDITY OF JUDGMENT ATTACK AS IN OTHER COLLATERAL ASSAULTS.—On habeas corpus proceedings, same presumptions are indulged in favor of validity of judgment attack as in other collateral assaults.

6. CRIMINAL LAW—COURT HAS POWER TO IMPOSE CUMULATIVE SENTENCES ON CONVICTION FOR SEVERAL OFFENCES.—Court has power to impose cumulative sentences on conviction of several offenses charged in separate indictments, or in separate counts of same indictment, though intent to so do should be expressed.

7. CRIMINAL LAW—HABEAS CORPUS—IMPOSITION OF SINGLE SENTENCE, RATHER THAN CUMULATIVE SENTENCES, HELD JUDICIAL, THOUGH

NOT JURISDICTIONAL, ERROR.—Where defendant was convicted of separate offenses charged under separate counts of same indictment, Court's imposition of one sentence, representing total punishment which could have been inflicted for each offense by way of separate cumulative sentences, is judicial, but not jurisdictional, error, and is not sufficient to invalidate judgment on collateral attack by habeas corpus.

8. HABEAS CORPUS—TEST WHETHER ERROR BE JURISDICTIONAL OR JUDICIAL ONLY STATED.—In determining whether error claimed to exist in a judgment is jurisdictional or judicial, test is could Court, under any circumstances of particular case, have properly reached final result embodied in judgment rendered or sentence imposed.

*Habeas corpus* proceeding by J. D. Klugh to secure release from confinement in State Penitentiary. Application for discharge denied.

*Messrs. Jones & Harrison* for petitioner.

July 15, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The peitioner, J. D. Klugh, invokes the remedy of *habeas corpus* to secure his release from what he alleges to be unlawful confinement in the State Penitentiary.

On November 12, 1923, the petitioner was convicted, in the County Court of Greenwood County, of a violation of the prohibition law under an indictment which set forth the offenses charged in the following three counts:

"(1) And the jurors of the County and State aforesaid, upon their oath, do present that J. D. Klugh on the 7th day of October, in the year 1923, near Greenwood, in the County and State aforesaid, did willfully and unlawfully receive and accept for unlawful use, and did store and keep in his possession for unlawful use, certain spirituous, malt, vinous, feremented, brewed, and other liquors, to wit, whiskey which contained alcohol, and are used as a beverage, against the form of the state in such cases made and provided, and against the peace and dignity of the State.

"(2) And the jurors aforesaid, upon their oath aforesaid, do further present that the said J. D. Klugh, near Greenwood, in the County of Greenwood and State afore-

said, on the 7th day of October, in the year of our Lord one thousand nine hundred and twenty-three, did willfully and unlawfully transport and convey from a point without this State, or from place to place within this State, more than one quart of alcoholic liquors or beverages, which contain more than one per cent. of alcohol, for the purpose of delivery, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

"(3) And the jurors aforesaid, upon their oath aforesaid, do further present that J. D. Klugh, near Greenwood, in the County of Greenwood, in the State aforesaid, on the 7th day of October, in the year of our Lord one thousand nine hundred and twenty-three, did willfully and unlawfully store and keep in the bushes and woods near house alcoholic liquors and beverages containing more than one per cent. of alcohol, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

The jury found the following verdict: "Guilty on all three counts." Thereupon the presiding Judge, Hon. H. C. Tillman, imposed the following sentence:

"The sentence of the Court is that you, the defendant, J. D. Klugh, be confined at hard labor upon the public works of Greenwood County or in the State Penitentiary for a period of three years."

On November 14, 1923, Judge Tillman, as the presiding Judge of the County Court of Greenwood County, by a formal order, finding and adjudging that the said J. D. Klugh had violated the condition of a suspended sentence to serve for a period of one year at hard labor on the public works of Greenwood County, or in the State Penitentiary for a like period, which had been imposed, at its March, 1921, term, by the said County Court, for a violation of the prohibition law, revoked the order suspending that sentence and ordered that the defendant, Klugh, be required "to serve the time specified," etc.

The petitioner alleges that he was not present at the trial which resulted in his conviction and sentence by Judge Tillman on November 12, 1923; that, subsequently to the date of the trial, he was apprehended and, on February 16, 1924, conveyed to the State Penitentiary, where he is now, and has ever since been, confined; that the indictment under which he was tried charged "a violation only of Section 860, Vol. 2, Code 1922, the punishment for which as fixed by Section 877 of said volume is one year only"; that "so much of the sentence above set forth as exceeds one year is null and void"; and that, having served for a period in excess of one year, "he is entitled to be liberated by the authorities of said penitentiary."

The section (860, Vol. 2, Code 1922), to which petitioner says his conviction of November 12, 1923, must be referred, is as follows:

"It shall be unlawful for any person, firm, corporation or company to receive, store, keep or have in possession, or to ship, transport or convey any alcoholic liquors from any point without the State into this State, or from one point to another in this State, or to deliver he same to any person, firm, corporation or company within this State, except as hereinafter provided."

The section (877) which, as he contends, controls the sentence, is as follows:

"Any violation of the provisions of Sections (860) to (885), for which no other punishment is provided, shall be punished by imprisonment for not more than one year, or a fine of not more than one thousand dollars, or both."

It will be observed that the foregoing section (877), limiting the sentence to "not more than one year," is by its express terms applicable only to "any violation of the provisions of Sections (860) to (885), for which no other punishment is provided."

The return of the Superintendent of the penitentiary, submitted by the Attorney General of the State, alleges that the

petitioner was admitted to the penitentiary under the two sentences above mentioned, viz., the sentence of three years imposed by Judge Tillman on November 12, 1923, and the prior sentence of the same Court for one year, the suspension of which was revoked by Judge Tillman on November 14, 1923, and makes the following contentions: (1) That the petitioner was convicted of the "illegal transportation" of alcoholic liquors for which other punishment than that prescribed by Section 877 is provided by Section 872, which, expressly provides that, for a violation thereof, the same punishment shall be imposed as for conviction "of the illegal sale of such alcoholic liquors," that is, the punishment prescribed by Seition 838, which for an unlawful sale permits of a maximum sentence of two years for the first offense and a maximum of five years for a subsequent offense; (2) and that the three-year sentence imposed by Judge Tillman was for a second offense, which, onder the provisions of Section 838, might have been for "as much as five years' imprisonment."

From the foregoing outline of the State's contentions it is apparent that the whole case for the respondent is rested by the Attorney General upon the proposition that the petitioner was tried for and convicted of the "illegal transportation" of alcoholic liquors denounced by Section 872. That section reads as follows:

*"Punishment for Illegal Transportation*—Whoever shall knowingly transport or convey from one place to another, or from one person to another, any alcoholic liquors known by him to have been illegally sold or procured shall receive the same punishment as if convicted of the illegal sale of such alcoholic liquors. Charges of illegal transportation thereof may be joined in the same indictment."

But Section 860, which is above set out, also denounces the transportation of alcoholic liquors, and, by reference to the transportation count of the indictment here involved, it will be seen that the charge of transporting is laid in the

language of Section 860, which makes it unlawful for "any person * * * to * * * transport or convey any alcoholic liquors from any point without the State into this State, or from one point to another in this State, or to deliver the same to any person," etc.  By comparison of that language with the terms of Section 872, providing that "whoever shall knowingly transport * * * any alcoholic liquors known by him to have been illegally sold or procured," etc., it is apparent that the illegal transportation denounced by Section 872 is not the same as that denounced by Section 860.  The element of knowledge by the person transporting that the liquors transported "have been illegally sold or procured," is an essential ingredient of the offense for which Section 872 provides the punishment, while such knowledge is not an essential element of the offense of transporting denounced by Section 860.  Section 872 would seem to contemplate the kind of transportation which is germane or incidental to the handling of liquor for sale. Since the offense of transporting charged in this indictment is laid in language appropriate to the offense contemplated by Section 860, and there is nothing in the indictment to apprise the defendant that he was accused of the particular kind of transportation for which a severer punishment is prescribed by Section 872, we think it is entirely clear that the State's contention that the three-year sentence imposed by Judge Tillman was predicated upon a violation of Section 872, and was properly imposed upon the theory that the defendant's conviction under that Section constituted a subsequent offense thereunder, cannot be sustained.

It is not contended by the Attorney General that the offenses charged in the other two counts of this indictment, viz., (a) the receiving and accepting, storing and keeping in possession for unlawful use, and (b) the storing and keeping on his premises of alcoholic liquors, etc., were offenses for which other punishment was provided than that prescribed in Section

877, which provides for a maximum sentence of one year's imprisonment. We have nevertheless given consideration to the question of whether the counts as to receiving, accepting, and storing for unlawful use and as to storing and keeping on his premises might be referred to Section 820, for the violation of which the punishment could be referred to Section 858, which places the maximum punishment in the discretion of the Court. We think, however, that under the recent decision of this Court in the case of *State v. Smith,* 130 S. C., 329; 125 S. E., 493, that view cannot soundly be upheld. In that case it was decided that the punishment upon conviction for having in possession and storing for unlawful use was that prescribed by Section 877, a conclusion which necessarily implied that the charge of which the defendant was convicted in that case was properly referable to Section 860 and not to Section 820. The indictment before us does not appear to be essentially different, in so far as the charge of having in possession and storing is involved, from that considered in the *Smith Case;* and we think the view taken in that case, that the charge as to storing and having in possession was referable to Section 860 and not to some other section, is controlling here.

It follows that petitioner's contention that he was tried and convicted under Section 860, for a violation of which Section 877 prescribes a maximum punishment of one year's imprisonment, must be sustained. But that conclusion is not decisive of the petitioner's right to discharge on *habeas corpus.* It is fundamental that *habeas corpus* is a collateral remedy, subject to the limitations common to collateral proceedings, and calls in question only the jurisdiction of the Court whose judgment is challenged. *Knewel v. Egan,* 45 S. Ct., 522; 69 L. Ed., 598, 599; notes, 23 Am. St. Rep., 108, and 87 Am. St. Rep., 169. It is only when a judgment of conviction or sentence imposed is void, and not merely voidable, that relief may

be had by *habeas corpus. In re Stokes,* 5 S. C., 71; *Ex parte Bond,* 9 S. C., 80; 30 Am. Rep., 20. *State v. Lundy,* 19 S. C., 601. Since a judgment of conviction under an unconstitutional statute is, of course, void, the question of the constitutionality of a statute may be tested on *habeas corpus,* as was held by this Court in *Ex parte Hollman,* 79 S. C., 9; 60 S. E., 19; 21 L. R. A. (N. S.), 242; 14 Ann. Cas., 1105. Likewise, in a *habeas corpus* proceeding, the Court will inquire whether the conviction was by a Court of competent jurisdiction. *State v. Garlington,* 56 S. C., 414; 34 S. E., 689, and see *State v. Higgins,* 51 S. C., 51; 28 S. E., 15; 38 L. R. A., 561. And the jurisdiction of a Court to render a particular judgment or impose a particular sentence may be a proper subject of inquiry on *habeas corpus.* Where, for example, it appears upon the face of the record that a Court having jurisdiction both of the person and of the subject matter has imposed an excessive sentence, that is, one by which a greater punishment is inflicted than the maximum allowed by law, and where it further appears that the prisoner, at the time of his application for discharge on *habeas corpus,* has served out the maximum term of imprisonment to which the Court had power to sentence him, according to the prevailing rule and the better doctrine, so much of such sentence as is excessive will be declared void, and the prisoner discharged on *habeas corpus. In re Fanton,* 55 Neb., 703; 76 N. W., 447; 70 Am. St. Rep., 418. *United States v. Pridgeon,* 153 U. S., 48; 14 S. Ct., 746; 38 L. Ed., 631. *In re Swan,* 150 U. S., 653; 14 S. Ct., 225; 37 L. Ed., 1207; monographic note to *State v. Klock,* 55 Am. St. Rep., 267–274. It is not here contended that the County Court of Greenwood was without jurisdiction of the subject matter and of the person of the defendant in rendering the judgment of conviction pursuant to which a sentence of three years' imprisonment was imposed upon the petitioner. The position of petitioner, who at the time of this application had been imprisoned

for a period of about sixteen months, therefore, resolves itself into the contention that the sentence imposed was void to the extent that it inflicted a punishment in excess of one year's imprisonment, in that the Court was without power to sentence the petitioner to imprisonment for a longer period than one year.

Upon the face of the record before us that contention cannot be sustained  The petitioner was tried and convicted under an indictment which charged violations of law under three counts.  The verdict of the jury was: "Guilty on all three counts."  That under the three counts proof could have been adduced of the commission of three separate and distinct violations of Section 860 of the Criminal Code (1922), each constituting a separate and distinct crime, and each punishable by a sentence to one year's imprisonment, is not open to serious question.  If, for example, each count of this indictment had been made the subject matter of a separate indictment, and the defendant had been so tried and convicted under three separate indictments, there can be no doubt that the Court could have imposed a sentence of one year's imprisonment in each case.  If the offenses charged in the three separate counts of this indictment did not constitute three separate and distinct violations of law, punishable as separate and distinct offenses, the defendant was improperly convicted "on all three counts."  The time for the defendant to raise any question as to the right to convict of several distinct offenses under this indictment was upon his trial in the County Court, a trial from which he saw fit to absent himself, and for any error embodied in the final result reached, his remedy was by appeal.  See *State v. Sheppard,* 54 S. C., 178; 32 S. E., 146.  The same presumptions are to be indulged in favor of the validity of a judgment attacked on *habeas corpus* as are indulged in other cases of collateral assault. *Freeman on Judgments,* § 619.  *Ex parte Ah Men,* 77 Cal., 198; 19 P., 380; 11 Am. St. Rep., 263.  It must be presumed,

therefore, that the defendant was properly convicted on each of the three counts and that each charged a violation of Section 860 growing out of separate and distinct transactions, or that three offenses separate in their character were charged, notwithstanding the transaction was one and the same. *Gavieres v. United States,* 220 U. S., 338; 31 S. Ct., 421; 55 L. Ed., 489. *Ebeling v. Morgan,* 237 U. S., 625; 35 S. Ct., 710; 59 L. Ed., 1151. If so, it is clear that upon his conviction "on all three counts" of the indictment under which he was tried the petitioner was subject to punishment by imprisonment for a term of one year upon each count, and that the County Court had the power to make these one-year terms run consecutively and thus to impose a total punishment of three years' imprisonment. The view, supported by the great weight of authority, is:

"That a Court has power derived from the common law to impose cumulative sentences on conviction of several offenses, charged in separate indictments, or on separate counts of the same indictment." 8 R. C. L., 240, § 240; 16 C. J., 1281, § 3032; Id., 1370, § 3224. *Harris v. Lang,* 27 App. D. C., 84; 7 L. R. (N. S.), 124; 7 Ann. Cas., 141, and see *State v. McKellar,* 85 S. C., 236, 242; 67 S. E., 314, 316.

It is true that the intention of the Court to impose cumulative or successive sentences should be expressed, or, as said in *State v. McKellar, supra:*

"When several sentences are imposed for separate and distinct offenses, * * * they run concurrently, unless the intention that one should begin at the expiration of the other is expressed."

But the sentence here collaterally impugned is a sentence in gross for a term of imprisonment not exceeding the sum of the terms which the Court had power to impose under the counts separately. In accordance with the settled principles applicable where the sentence of a Court of competent jurisdiction is collaterally attacked, we are clearly of the opinion that this sentence embraced the three one-year

terms of imprisonment which the Court had power to impose. *Servonitz v. State,* 133 Wis., 231; 113 N. W., 277; 126 Am. St. Rep., 955. *Howard v. Moyer* (D. C.), 206 F., 555. If so, the imposition of a single sentence for the total punishment which could have been inflicted for each offense of which defendant was convicted is a very clear expression of the Court's intention that the separate terms presumptively embraced in the sentence should be served consecutively and not concurrently.

In that view the inquiry narrows to whether in such a case the consolidation into one sentence of the total punishment which could have been inflicted for each offense by way of separate cumulative sentences constitutes such error as will avoid the sentence to the extent it exceeds the maximum punishment prescribed for one offense. That it is generally held "erroneous to consolidate into one sentence the total punishment which may be inflicted for each offense of which defendant is convicted" may be conceded. 16 C. J., 1281, § 3032, and cases there cited. And there is authority for the view that such a sentence is void to the extent it imposes a term of imprisonment in "excess of the period specified for a single offense." *United States v. Peeke,* 153 F., 166; 82 C. C. A., 340; 12 L. R. A. (N. S.), 314. But such an error, it would seem clear, is not jurisdictional, the only kind of error reached by the writ of *habeas corpus.* If the Court had power to inflict a punishment of three years' imprisonment, the fact that the sentence is in gross and not in the form of three sentences separately stated is a consideration that manifestly goes to form and not to substance. Where the validity of a judgment or sentence is collaterally attacked in determining whether the error claimed to exist is jurisdictional or judicial, the test in respect thereto is this: Could the Court, under any circumstances of the particular case made by the pleadings, have properly reached the final result embodied in the judgment rendered or in the sentence im-

posed? If it could, then the alleged error manifestly is not jurisdictional, but judicial, reviewable only upon appeal. *Servonitz v. State,* 133 Wis., 231; 113 N. W., 277; 126 Am. St. Rep., 955. Illustrative of the distintion between judicial error which renders sentence voidable on appeal and jurisdictional error which renders a sentence void and subject to be relieved against on *habeas corpus* are our own cases of *Ex parte Bond,* 9 S. C., 80; 30 Am. Rep., 20, and *State v. Lundy,* 19 S. C., 601. In the *Bond Case* it was held (syllabus) :

"A prisoner convicted of assault with intent to kill cannot lawfully be sentenced to confinement in the penitentiary at hard labor, but such sentence is not void, but only voidable, and relief can be obtained by appeal only, and not by *habeas corpus.*"

In the *Lundy Case,* where the defendant was "in the penitentiary, under a life sentence, on a conviction for manslaughter," and "applied to this Court for a discharge under a writ of *habeas corpus,*" it was "held that the Court below having had jurisdiction of the person of the prisoner and the subject matter, the sentence was not void, but voidable by appeal," and the prisoner's application for discharge was refused. The precise point here involved was, as we think, correctly decided in the cases of *Howard v. Moyer* (D. C.), 206 F., 555. *Blake v. Moyer* (D. C.), 206 F., 559, and *Blake v. Moyer,* 208 F., 678; 125 C. C. A., 576. In those cases it appeared that Howard and Blake were each convicted on two counts of an indictment charging separate offenses of the same kind, consisting of separate violations of the same statute, and each was given a sentence in gross for a term of imprisonment not exceeding the sum of the terms which might have been cumulatively imposed under the counts separately. In the *Howard Case* the District Court, after pointing out that the reasoning of the Court in *United States v. Peeke, supra,* was inapplicable by force of

considerations which are equally pertinent to distinguish the *Peeke Case* from the case at bar, said:

"It is perfectly clear here that what the Court intended was to sentence the prisoner for five years and $1;000 on the first count and to sentence him for five years and a fine of $1,000 on the second count, which, added together, make the sentence in this case. * * * So the purpose of the Court is clear, which was to give him the maximum sentence for each offense. In delivering the opinion in the *Coy Case,* 127 U. S., 731, page 757; 8 S. Ct., 1263, page 1271 (32 L. Ed., 274), Mr. Justice Miller says this:

" 'An imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity; and it is not a nullity if the Court has general jurisdiction of the subject, although it should be erroneous.' In the present case the maximum period for which the defendant might have been sentenced, if the sentence had been on the separate counts, is not exceeded, and, as has been stated, it is perfectly clear what the Court intended. Therefore, even if the judgment of the Court be irregular, or even erroneous, it cannot be considered as a nullity, and the prisoner discharged, when it does not exceed the term for which he might be sentenced under the statute."

That opinion was affirmed by the Circuit Court of Appeals in *Blake v. Moyer,* 208 F., 678; 125 C. C. A., 576. In the light of the foreging considerations, grounded in reason and authority, we are clearly of the opinion that, since the period of imprisonment to which this petitioner was sentenced by the County Court was not in evcess of the punishment which the Court had power to inflict in the case made against him, the imposition of the sentence in gross involved no such jurisdictional error as may soundly be held to nullify the sentence in whole or in part. As that sentence may not be pronounced void, the petitioner is not entitled to his discharge on *habeas corpus.*

In that view it becomes unnecessary to consider whether the effect of Judge Tillman's order of November 14, 1924, revoking the suspension of the prior sentence to imprisonment· for a term of one year, was to make that sentence run concurrently with the three-year sentence imposed by the County Court on November 12, 1923. It may not be improper to say, however, that upon the record here presented the general rule would seem clearly to ·apply to the sentence of November 12, and that put in force on November 14, that, when several sentences are imposed by the same Court for separate and distinct offenses, they run concurrently, unless the intention that one should begin at the end of the other is expressed. *State v. McKellar, supra.*

It follows that petitioner's application for discharge must be denied, and it is so ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and COTHRAN concur.