## 19530

The STATE, Respondent, v. Larry WASHINGTON, Appellant.

(193 S. E. (2d) 509)

*Messrs. Yarborough, Parrott & Anderson,* of Florence, *for Defendant*

*Messrs. Daniel R. McLeod, Atty. Gen., Ellison D. Smith, Patricia O. Brehmer, Asst., Attys. Gen.,* of Columbia, and

569

*David W. Keller, Jr., Asst. Sol.* of Florence, *for Respondent,*

December 6, 1972.

LITTLEJOHN, Justice.

A jury convicted the defendant Larry Washington of voluntary manslaughter. Defendant admits that he killed Lester Charles. His entire case rested on self-defense. We are called upon to determine if he proved self-defense as a matter of law.

It is apparent from the record that prior to the shooting, the defendant and Charles had an encounter in the Bicardia Grill. There was corroborated testimony that while inside the grill, Charles swung a chain trying to hit defendant. The witnesses further testified that Charles was chasing defendant as they hurried out the door of the grill. One witness saw the first shot fired and testified to the circumstances as he saw them. The testimony indicated that Charles was in pursuit of defendant and that while defendant was still running in front of Charles, he pulled a pistol and shot. The details of why he shot the first time and the remainder of the testimony as to what took place outside the grill come from the uncorroborated testimony of the defendant. The defendant contends that Charles was hitting him with a chain and that he fired three warning shots. Defendant then testifies that Charles hit him again with the chain and it was only then that he shot at Charles. This last shot, defendant says, was aimed at the arm, but hit Charles in the chest and caused his death.

On this appeal defendant charges error on the part of the trial judge in refusing to direct a verdict of acquittal and in denying a motion for a new trial.

It is well established without citing authority that we must view the evidence in the light most favorable to the State to determine if the only reasonable inference to be drawn from the evidence is that the killing was in self-defense.

In *State v. Richburg,* 253 S. C. 458, 171 S. E. (2d) 592 (1969), this Court dealt with a shooting incident and the testimony as to self-defense, of the defendant, corroborated only by his wife. In *Richburg,* the Court stated:

"The fact that the testimony goes uncontradicted does not necessarily mean that the defendant should be found not criminally liable, for the jury must also satisfy itself as to the likelihood of the events occurring as the defendant and his wife testified they did.

\* \* \*

"If there is anything tending to create distrust in the truthfulness of the witness, the question of guilt or innocence must be left to the jury."

One who pleads self-defense is not allowed to be the sole judge of the necessity to strike in self-defense. He does so at the peril of being able to satisfy a jury that the killing was of necessity. *State v. McKellar,* 85 S. C. 236, 67 S. E. 314 (1910).

We find several things which justify the jury in giving to the defendant's evidence less than full credibility. At least, reasonable men could disagree concerning the believability of his testimony.

Here, the defendant would have the jury believe that while he was retreating, Charles was hitting him with a chain; that he fired three warning shots, ignored by Charles; and that it was only after being hit again that he shot Charles. The defendant contends that when Charles

hit him in the head, it bled and left a knot. He further testifies that Charles hit him several times in the leg with the chain. On cross examination of defendant, it was brought out that the defendant did not think getting hit in the legs or having a knot on the head was important enough to mention to the police prior to trial. The only corroboration offered was from his mother. The jury may have easily found it difficult to believe his testimony.

We conclude that from the whole of the evidence that it became the duty of the jury to weigh the evidence and to determine the believability of the testimony and the likelihood of the killing happening as contended by the defense. The contention that a new trial should have been granted because the jury failed to understand the facts and to apply the law is without merit.

The exceptions are overruled and the judgment of the lower court is

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.