## In re DURRANT.

### Circuit Court, N. D. California. November 11, 1897.)

#### No. 12,530.

1. APPEAL IN HABEAS CORPUS—AFFIRMANCE—STATE AND FEDERAL COURTS.
    Where an order of a federal court denying a writ of habeas corpus to release one convicted of a capital crime by a state court has been in fact affirmed on appeal by the United States supreme court, the state court is not required, before proceeding to order the execution, to await the filing in the federal court of the supreme court's mandate.

2. JUDICIAL NOTICE—AFFIRMANCE OF DECREE.
    The circuit court will, in a collateral proceeding, take judicial notice of the affirmance of its judgment by the supreme court of the United States, when the fact that such judgment of affirmance has been rendered is one

of general notoriety in the state where such circuit court is held, and has been telegraphed to, and published in, the leading newspapers of the state.

3. HABEAS CORPUS—CRIMINAL CONVICTED BY STATE COURT.

The fixing by a state court of a date for the execution of a murderer at so early a date as to be in violation of rights secured by the state statutes is not a violation of any provisions of the federal constitution or any acts of congress, so as to authorize a federal court to interfere therewith by writ of habeas corpus.

4. SAME—ALLOWANCE OF APPEAL IN HABEAS CORPUS.

A federal court will not allow an appeal from its decision refusing an application for a writ of habeas corpus to release one convicted of murder by a state court, when, on a previous appeal from a like order, the supreme court has already decided that no rights secured to the accused by the federal laws or constitution were violated by his conviction, and the only ground of the second application is an alleged irregularity of the state court in fixing a date for the execution.

This was an application for a writ of habeas corpus in behalf of W. H. T. Durrant, who was convicted by a state court of California of murder in the first degree, and adjudged to suffer the penalty of death.

The petition for the writ in this case alleged, among other things, that prior to June 2, 1897, said Durrant was convicted in the superior court of the city and county of San Francisco, state of California, of the crime of murder in the first degree, for the alleged killing of one Blanche Lamont, and adjudged to suffer the penalty of death; that on the 2d day of June, 1897, application was made by said Durrant to the circuit court of the United States for the Ninth judicial circuit in and for the Northern district of California for a writ of habeas corpus, alleging in his petition therefor that said judgment of conviction was made and rendered without jurisdiction or authority of law, and in violation of rights secured to him by the fourteenth amendment to the constitution of the United States. The application for the issuance of such writ was denied by said circuit court, and thereupon an appeal from such decision of the circuit court to the supreme court of the United States was duly taken. The petition in the present proceeding further alleged: "That said action of habeas corpus and appeal was duly docketed as number 429 on the calendar of the said supreme court of the United States, at the October term thereof, 1897, and that no mandate showing the determination of the said appeal by the said supreme court of the United States was, on the 10th day of November, A. D. 1897, nor has yet been, filed in the said circuit court of the United States;" but that, nevertheless, the said superior court of the city and county of San Francisco did, on the 10th day of November, 1897, made an order directing that its judgment convicting the said Durrant of the crime of murder be carried into execution by the infliction of the death penalty upon said Durrant on the 12th day of November, 1897. The petition further alleges that said order so made on the 10th day of November, 1897, "was had and taken without authentic or official information that said proceeding of habeas corpus had been considered or determined in the supreme court of the United States," and that such order was "without power, authority, or jurisdiction in the said superior court of the city and county of San Francisco," and was in violation of the laws of the state of California, and "contrary to and in violation of the constitution and laws of the United States of America, and particularly in violation of article fourteenth of the amendments to the said constitution of the United States." The petition for the writ of habeas corpus in this proceeding, was filed on the 11th day of November, 1897, and upon the hearing of the application therefor it was not shown by mandate from the supreme court of the United States, or other record evidence, that such court had rendered its judgment upon the appeal from the order of said circuit court, denying the former application of said Durrant for the issuance of a writ of habeas corpus; but the fact that said judgment of the circuit court was affirmed on the 8th day of November, 1897, had been telegraphed to and published in all the leading papers of the state of California on the 9th day of November, 1897, and the text of the opinion affirming such

judgment also published, and by reason thereof it was a matter of general notoriety in the state of California that such judgment of the circuit court had been affirmed, and the fact was not denied in the petition filed in this proceeding.

L. P. Boardman and J. H. Dickinson, for petitioner.

Before MORROW, Circuit Judge, and DE HAVEN, District Judge.

DE HAVEN, District Judge. The application for the writ in this proceeding does not present any federal question. It is not claimed by the petitioner that the supreme court of the United States did not, prior to November 18th of this year, in point of fact, affirm the former order of this court refusing to issue a writ of habeas corpus in behalf of W. H. T. Durrant; and, indeed, we take judicial notice that such former order of this court was affirmed by the supreme court of the United States prior to the 10th instant. 18 Sup. Ct. ——. That order having been affirmed, the superior court of the city and county of San Francisco was not required to wait until the filing in this court of the mandate of the supreme court of the United States, showing the fact of such affirmance. In re Jugiro, 140 U. S. 291, 11 Sup. Ct. 770. If no judgment had been given by the supreme court of the United States upon the former appeal, an entirely different question would be presented. The order of the superior court of the city and county of San Francisco made on the 10th instant, for the execution of Durrant on the 12th instant, may be, as suggested by counsel for petitioner, without precedent, and it certainly is in violation of rights secured to the defendant by the statutes of this state, in so far as it fixes a date so near at hand as the time for such execution; but such order does not, in this respect, and under the circumstances disclosed in this petition, violate any provision of the United States constitution, or any law of congress made in pursuance thereof; and this court is without authority to reverse or set aside the order of the superior court, because, in our judgment, it may be in conflict with the laws of the state. "While the writ of habeas corpus is one of the remedies for the enforcement of the right to personal freedom, it will not issue, as a matter of course, and it should be cautiously used by the federal courts in reference to state prisoners. Being a civil process, it cannot be converted into a remedy for the correction of mere errors of judgment or of procedure in the court having cognizance of the criminal offense. Under the writ of habeas corpus, this court can exercise no appellate jurisdiction over the proceedings of the trial court or courts of the state, nor review their conclusions of law or fact, and pronounce them erroneous. The writ of habeas corpus is not a proceeding for the correction of errors." In re Frederich, 149 U. S. 70, 13 Sup. Ct. 793. The supreme court of the state of California is the tribunal to which application must be made for the correction of any error of procedure committed by the superior court of the city and county of San Francisco in fixing the date of the 12th of this month as the time for the execution of Durrant. The judgment given upon the verdict convicting him of the crime of murder has been affirmed by the highest court of the state, and the supreme court of the United States, in affirming the former order of this court

refusing the application of said Durrant for his release from such judgment upon his petition for a writ of habeas corpus, necessarily determined that such judgment is not in violation of any rights secured to him by the constitution of the United States. The question as presented here is not the same as would arise upon a judgment directing that a defendant therein should be hanged within 48 hours after the rendition of a verdict finding him guilty of a capital offense. The matter of which the petitioner complains at this time relates only to alleged errors of procedure upon the part of the superior court, in making an order for carrying into effect a valid judgment. This does not present any question of which this court can take cognizance. The application for the writ is refused.

Mr. Boardman: If your honor please, I ask leave to present a petition for order allowing an appeal.

Judge Morrow: The court, having determined that there is no federal question involved in this application for habeas corpus, declines to allow an appeal.

Mr. Boardman: I ask leave to file assignment of errors.

Judge Morrow: The court declines to receive the assignment of errors.

Mr. Boardman: They are both in due form of law. We also ask your honor to fix the time and return day as per blank in the form of citation now presented.

Judge Morrow: The court refuses to fix the time for the return of the citation.

Mr. Boardman: We now offer the notice of appeal which was heretofore offered for filing, and take your honor's ruling.

Judge Morrow: The clerk is directed not to file the notice of appeal.

Mr. Boardman: We take an exception to the ruling. We now offer a bond in due form of law in the sum of $500, conditioned for the payment of all costs and damages upon the appeal which is here sought to be taken.

Judge Morrow: The court declines to approve the bond.

Mr. Boardman: We take an exception to the ruling, and offer to file with the clerk the bond just referred to.

Judge Morrow: The clerk is directed not to receive or file the bond.