trary, the character of his testimony and the circumstances as to the payments having been made are not sufficient to convince me beyond a reasonable doubt that this money was not paid out by him. But as to the balance, to wit, $2,250, which he claims he paid to his mother, I am convinced he still has it in his possession and control. The whole transaction, from the beginning, is of a character to indicate a fixed design to defraud creditors. The method of disposing of it to Lessig, and the story as to how it occurred, its transfer to the present owner, all indicate what was the object of the various transactions. But this can only throw light upon the question as to what Samuel Feldser was aiming to do by the transfer of the property, and would be no reason why an order should be made to require him to pay over money if he did not have it in his possession. His story of the sale and disbursement is so grotesque and improbable that no one can possibly believe it, and, taken together with other evidence and circumstances in the case, I have no doubt whatever but that he has now in his possession and control $2,250.

The exceptions to the referee's order are therefore dismissed, and it is ordered and decreed by the court that Samuel Feldser be directed to pay over to J. Howard Reber, trustee in bankruptcy of the estate of Rosa Feldser, bankrupt, the sum of $2,250 on or before February 15, 1905.

---

Ex parte LOOK.

(District Court, N. D. California. December 27, 1904.)

No. 13,396.

1. HABEAS CORPUS—CRIMINAL CONVICTED BY STATE COURT—APPEAL—ALLOWANCE.

A federal court will not allow an appeal from its decision refusing a writ of habeas corpus to release one convicted of murder by a state court, when on a previous writ of error the United States Supreme Court had decided that no rights secured to the accused by the federal Constitution and laws had been violated, and the only ground for the application was that defendant was never properly charged before a committing magistrate.

On Habeas Corpus.

The petitioner, Lee Look, was convicted in one of the superior courts of the state of California of the crime of murder, and thereupon sentenced to suffer the penalty of death. This judgment was affirmed by the Supreme Court of the state, and from this judgment a writ of error was taken to the Supreme Court of the United States. The writ of error was dismissed by that court, but for what reason does not appear, and thereupon the petitioner filed his petition in the District Court of the United States for the Northern District of California for a writ of habeas corpus, claiming that he had never been properly charged before the committing magistrate with the crime of murder, and that the information upon which he was tried was, for that reason, void, and his conviction thereon was in violation of the rights, privileges, and immunities granted him by section 1, art. 14, of the amendments of the Constitution of the United States.

A. H. Jarman, for petitioner.

DE HAVEN, District Judge. Petitioner herein has filed his petition for an order allowing an appeal from the order of this court denying his application for the issuance of a writ of habeas corpus. The case as presented is in principle the same as that of In re Durrant (C. C.) 84 Fed. 314–317, and, following the rule therein announced, the petition for an order allowing an appeal is denied.

---

### In re HASKELL'S ESTATE.

(District Court, N. D. California. December 20, 1904.)

No. 433.

1. BANKRUPTCY—ASSIGNEES—APPOINTMENT—NECESSITY.

A bankrupt, against whom proceedings were instituted in December, 1868, was alleged to have sold certain land to petitioner's predecessors in interest prior to 1860, but petitioner alleged that the conveyance executed by the bankrupt omitted the land in controversy by mistake. *Held*, that a successor to the bankrupt's assignee, who died in 1893, would not be appointed solely to enable petitioner to quiet her title to the land.

J. S. Carr, for petitioner.

DE HAVEN, District Judge. This is an application for the appointment of an assignee of the estate of Daniel H. Haskell in place of Henry C. Hyde, who died in 1893. The bankruptcy proceeding was commenced in the month of December, 1868. The petitioner is an adverse claimant of certain real estate alleged to have been sold by the bankrupt, prior to the year 1860, to some one of petitioner's predecessors in interest, and omitted by mistake from the deed of conveyance executed by the bankrupt. The only reason set forth for the appointment of an assignee is to enable the petitioner to sue him, and thus to quiet the title to the land which she claims, and the record title to which stands in the name of the bankrupt. I do not think the court would be justified in appointing an assignee for any such purpose upon the petition of an adverse claimant.

The petition will be denied.

---

### HALL et al. v. NORTH PACIFIC COAST R. CO.

(District Court, N. D. California. December 16, 1904.)

No. 13,186.

1. DEATH—EVIDENCE.

In an action for the alleged death of a passenger resulting from the sinking of a ferryboat in a collision, evidence reviewed, and *held* sufficient to sustain a finding that deceased was a passenger on the boat that sunk, and lost his life in the collision.

2. COLLISION—FERRYBOATS—MUTUAL FAULT.

Where two ferryboats approaching each other attempted to cross courses in a dense fog, when neither could see the other in time to avoid a collision, they were both at fault—the one for attempting the maneuver; and the other in assenting to it and putting her wheel hard astar-