Ex parte GLASGOW.

(District Court, N. D. Georgia. March 29, 1912.)

1. JUDGES (§ 56*)—DISQUALIFICATION—ERRONEOUS RULING ON AFFIDAVIT OF DISQUALIFICATION—EFFECT.

If a disqualified judge determines that an affidavit of disqualification authorized by Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1090 [U. S. Comp. St. Supp. 1911, p. 133]) § 21, in force January 1, 1912, is ineffectual, and he proceeds to try the case or to conclude it, he has authority to certify the bill of exceptions for the allowance of a review by an appellate court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 235–245; Dec. Dig. § 56.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

2. HABEAS CORPUS (§ 30*)—ERRORS IN TRIAL—REVIEW.

    The action of the district judge in erroneously failing to give effect to an affidavit of prejudice filed by accused as authorized by Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1090 [U. S. Comp. St. Supp. 1911, p. 133]) § 21, in force January 1, 1912, and in proceeding to try the case, will not be reviewed on habeas corpus for the discharge of accused from imprisonment under a sentence imposed on his conviction, but the rulings are reviewable by the Circuit Court of Appeals on writ of error.

    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. § 30.*]

3. JUDGES (§ 40*)—DISQUALIFICATION—AFFIDAVITS—STATUTES—CONSTRUCTION.

    Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1090 [U. S. Comp. St. Supp. 1911, p. 133]), in force January 1, 1912, authorizing in section 21 the filing of an affidavit averring that the presiding judge is disqualified to try the case, and requiring the judge on the filing of such affidavit at least 10 days before the beginning of the term of court, or good cause shown for failure to file it within such time, to designate another judge, does not authorize an affidavit to disqualify a judge from ruling subsequent to January 1, 1912, on motions in arrest and for new trial, and sentencing accused on overruling them on a verdict rendered before that date.

    [Ed. Note.—For other cases, see Judges, Cent. Dig. § 185; Dec. Dig. § 40.*]

Petition for habeas corpus by J. Wesley Glasgow for his discharge from the United States penitentiary at Atlanta, Ga. Denied.

John C. Fay, of Washington, D. C., for petitioner.
John W. Henley, Asst. U. S. Atty.

NEWMAN, District Judge. This is a petition for a writ of habeas corpus by the above-named petitioner, to be directed to William H. Moyer, warden of the United States penitentiary at Atlanta, Ga.

It appears from the application that the petitioner was indicted in the District Court of the United States for the District of Delaware on the 16th day of October, 1911, charged with depositing an obscene book in the United States mail. In December, 1911, the trial took place, and the defendant was found guilty. A motion was made in arrest of judgment and for a new trial on December 21, 1911, and on December 23, 1911, the same was set for hearing on January 6, 1912.

When the motion in arrest of judgment and the motion for a new trial came on to be heard, the new Judicial Code, approved March 3, 1911, had gone into effect—that is, on January 1, 1912—and the petitioner here had filed an affidavit under section 21 of the new Judicial Code, setting up the disqualification of the judge of the District Court for the District of Delaware, who had tried the case and who was then about to hear the motion in arrest and the motion for a new trial, and same was certified by counsel for petitioner. The judge held that:

    "In the judgment of the court, whatever may be the applicability of the section to other cases differently circumstanced, it does not and was not intended by Congress to apply to this case at its present stage, and consequently there was no authority or justification for the filing of such an affidavit as that in question."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The judge (having overruled the motions in arrest of judgment and for new trial) then proceeded to sentence the defendant to be fined $500, and to be confined in the United States penitentiary at Atlanta, Ga., for a term of 15 months, beginning on the 6th day of January, 1912. The penalty provided by the statute is a fine of "not more than five thousand dollars, or imprisonment not more than five years, or both." The extent of the sentence is therefore clearly within the statute.

[1] The question is, first, whether or not the alleged error of the judge in holding this affidavit ineffectual to stop the case at the stage it had reached, under all the circumstances, could have been taken up for review to the Circuit Court of Appeals for the Third Circuit. Counsel urges that it could not, because, as he states, there was no judge to certify the bill of exceptions or from whose judgment and action the writ of error could have been taken. The position, as I understand it, is that the moment the affidavit was filed the judge became disqualified absolutely and any act of his thereafter, in the case, would have been void. I am unable to agree with counsel about this. There does not seem to me to be the slightest difficulty where the suggestion is made under this section of the new Judicial Code, or otherwise, that a judge is disqualified and he overrules it, and proceeds to try the case or to conclude it if he is engaged in trying it, so far as that action can be taken to the proper appellate court for review, the judge who tries the case can certify to what occurred on the trial for the purpose of allowing the same to be so reviewed.

[2] This being true, the action of the judge was such that it was reviewable, and errors of a judge in the trial of a case will not be considered by another court on habeas corpus.

[3] But the real question in this case is whether or not, under section 21 of the new Judicial Code, an affidavit such as is provided for therein can be filed after a case has been tried and there is a verdict, and where a motion in arrest and for a new trial has been made, and the attempt by the affidavit is to disqualify the judge from concluding the case, ruling on these motions, and sentencing the defendant if he overruled them. It will be observed, from what has been said as to the dates applicable to this case at its various stages, that the case had been tried and a verdict rendered before this new Judicial Code went into effect on January 1, 1912. Now, can it be conceived that it was the purpose of Congress to apply this act to such a situation? The section itself provides that such an affidavit shall be filed not less than 10 days before the beginning of the term of the court or good cause should be shown for failure to file within that time.

The meaning of this section is that the affidavit should be filed certainly before the trial of the case commences, unless good reason to the contrary is shown. The act evidently contemplates that usually and generally such an affidavit shall be filed not less than 10 days before the beginning of the term at which the trial shall take place. It would require some specific language in this act to satisfy me that Congress intended such an affidavit to be filed at the stage which had been reached in this case. Besides this, as has been stated,

all that was done in the case, including the action of the judge with reference to the affidavit filed under section 21, was a matter for review by the Circuit Court of Appeals on writ of error, and for the court here to pass upon these questions upon a writ of habeas corpus would clearly be beyond the proper scope and use of that writ. A great deal is set out in the application with reference to other matters, the improper treatment of petitioner when he was arrested and confined in prison before trial, the route taken by the officers in bringing him to the penitentiary in Atlanta, and other matters not necessary to be referred to here. The right to have this writ issue on the face of it depends entirely in my opinion upon whether the affidavit under section 21 of the new Judicial Code was applicable at this stage of the proceeding, and whether or not any errors that might have been committed were matters for review by the Circuit Court of Appeals for the Third Circuit. As my opinion is against contention of counsel for petitioner on these two questions, no case is made in the application for the issuance of the writ. Of course, none of us can tell yet exactly how section 21 of the new Judicial Code will be construed, but I do not see how it can ever be held applicable as presented to the District Court in Delaware in the present matter.

Where an application for a writ of habeas corpus fails to state a case wherein relief could be granted if the writ should issue, it is the duty of the court to deny the application. The application for the writ must be denied.