### HOWARD v. MOYER, Warden.

(District Court, N. D. Georgia. July 2, 1913.)

CRIMINAL LAW (§ 984*)—HABEAS CORPUS (§ 30*)—JUDGMENT—SENTENCE IN GROSS.

    Rev. St. § 5478 (U. S. Comp. St. 1901, p. 3696), provides that any person who shall forcibly break into or attempt to break into any post office, with intent to commit therein a felony or other depredation, shall be punished by a fine of not more than $1,000 and by imprisonment for not more than five years. *Held*, that where accused was charged in different counts with breaking and entering different post offices with intent to violate such section, and on conviction of both offenses a single sentence of 10 years' imprisonment and a fine of $2,000 was assessed, such sentence, though erroneous, was not absolutely void, or a nullity, so as to entitle accused to discharge from imprisonment on habeas corpus.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2504–2509, 2541; Dec. Dig. § 984;* Habeas Corpus, Cent. Dig. § 25; Dec. Dig. § 30.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application by Frank Howard for discharge from the custody of William H. Moyer, Warden of the United States Penitentiary at Atlanta, Ga., on a writ of habeas corpus. Denied.

Lamar Hill, of Atlanta, Ga., for petitioner.

John W. Henley, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

NEWMAN, District Judge. This is an application for discharge under habeas corpus from confinement in the United States penitentiary at Atlanta, Ga. The petitioner was tried in the United States District Court for the District of Connecticut for violations of section 5478 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3696). It appears that the indictment, which was against Howard and one Edward F. Blake, contained three counts; the first charging them with breaking and entering the post office at Morris, Conn., with intent as stated in section 5478, and the second count charging them with breaking and entering the post office at East Morris, Conn., with the same intent, and the third charging them with conspiracy under section 5440 of the Revised Statutes (U. S. Comp. St. 1901, p. 3676), presumably, although it is not shown in the record, to violate section 5478. The petitioner and the other defendant were convicted and sentenced by the court to ten years in gross and a fine of $2,000, as appears from the commitment sent to the warden of the penitentiary at Atlanta, Ga.

The maximum sentence under section 5478 was confinement in the penitentiary not more than five years and a fine of not more than $1,000. Although the first count in the indictment charged the breaking into one post office, and the second count into another and a different post office, the contention here is that the sentence could not be for more than five years' imprisonment and a fine of $1,000, the highest sentence provided for in the statute, though it is conceded that the sentence might have been cumulative and the petitioner have been sentenced to five years and $1,000 on the first count and five years and $1,000 on the second count, the latter to commence at the expiration of the first, making an aggregate of ten years and $2,000, which, although in gross, was the sentence.

The case mainly relied upon by the petitioner for his discharge is Ex parte Peeke, the decision of the District Court being reported in 144 Fed. 1016, and the decision of the case in the Circuit Court of Appeals, under the name of United States v. Peeke, in 153 Fed. 166, 82 C. C. A. 340, 12 L. R. A. (N. S.) 314. It appears that in that case the defendant was convicted on five counts in an indictment drawn under section 5440 of the Revised Statutes of the United States, the maximum term of imprisonment on each of which would have been two years. The defendant was sentenced to five years' imprisonment in gross. In the opinion of the Circuit Court of Appeals the facts in that case are commented on in this way:

"The petitioner was convicted under section 5440 for conspiracy to violate section 5501 [U. S. Comp. St. 1901, pp. 3676, 3709] in five different counts in the same indictment, and, it is contended, for five distinct offenses, for each of which offenses section 5440 authorized the imposition of a maximum term

of imprisonment of two years. The authorities cited by Judge Lanning are sufficient to show that cumulative sentences can be imposed in the federal courts (Ex parte Peeke [D. C.] 144 Fed. 1018), but, in order that a sentence should have this effect, it must be imposed in that form (United States v. Patterson [C. C.] 29 Fed. 775). Where there is a general verdict on two or more counts of an indictment charging crimes which are of the same character, although growing out of totally distinct and separate transactions, sentence may be passed and judgment may be entered for a specified term of imprisonment upon each count, which terms must be consecutive, and it is error to sentence for a certain period in gross. 12 Cyc. 962. Upon these five different counts of the indictment there is no doubt but that a term of imprisonment in the aggregate could have been inflicted by cumulative sentences of five years, or even ten years; but this was not done. The judgment was a single sentence 'for the term of five years, beginning this day (to wit, August 2, 1904) and ending on the 1st day of August, 1909.' As the maximum term for which the prisoner could be sentenced upon any count in the indictment was two years, this sentence is clearly excessive to the amount of three years, and to that extent null and void. If construed, as suggested by counsel for the government, to be five successive sentences of one year each, it would be entirely void. Section 5440 does not prescribe confinement in a 'state jail or penitentiary,' and section 5541, Rev. St. (U. S. Comp. St. 1901, p. 3721), prohibits confinement in a 'state jail or penitentiary' unless the statute violated prescribed such imprisonment, or the sentence is for a period longer than one year. Mills Case, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107. If the prisoner, therefore, is to be detained for the full term of five years, there must be an apportionment of the time other than one year to each count. If we were to divide it into three successive sentences, the first of 2 years, the second for 1½ years, and the third for 1½ years, to which count in the indictment would we assign the different terms? The prisoner has already served two years, and it may be asked upon which count of the indictment he did serve this term, which count would cover the second period of confinement, and, after the expiration of that, to which count should we assign the last year and a half? These counts charge distinct conspiracies with different persons to violate section 5501. Should some newly discovered evidence induce the executive to pardon the prisoner on one or more counts, how would it be possible to ascertain to what part of the sentence the pardon applied? To what reduction from the five-year term would he be entitled? To state these questions is to answer them."

There is no difficulty of that kind in this case. It is perfectly clear here that what the court intended was to sentence the prisoner for five years and $1,000 on the first count and to sentence him for five years and a fine of $1,000 on the second count, which, added together, make the sentence in this case. The defendant, having been convicted of breaking into two separate and distinct post offices "with intent," in the language of the statute, "to commit therein larceny or other depredation," would naturally be given a severe sentence. So the purpose of the court is clear, which was to give him the maximum sentence for each offense.

In delivering the opinion in the Coy Case, 127 U. S. 731, page 757, 8 Sup. Ct. 1263, page 1271 (32 L. Ed. 274), Mr. Justice Miller says this:

"An imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity; and it is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous."

In the present case the maximum period for which the defendant might have been sentenced, if the sentence had been on the separate

counts, is not exceeded, and, as has been stated, it is perfectly clear what the court intended. Therefore, even if the judgment of the court be irregular, or even erroneous, it cannot be considered as a nullity, and the prisoner discharged, when it does not exceed the term for which he might be sentenced under the statute.

Even if the court committed an error in imposing the sentence as it did, that cannot be corrected by a writ of habeas corpus. A writ of habeas corpus is not a writ to be used for the correction of errors. This question was before this court in the Glasgow Case (D. C.) 195 Fed. 780, affirmed by the Supreme Court in Glasgow v. Moyer, 225 U. S. 420, 32 Sup. Ct. 753, 56 L. Ed. 1147. In the opinion in that case Mr. Justice McKenna said:

"The writ of habeas corpus cannot be made to perform the office of a writ of error. This has been decided many times, and, indeed, was the ground upon which a petition of appellant for habeas corpus to this court, before his trial, was decided. It is true, as we have said, that the case had not then been tried; but the principle is as applicable and determinative after trial as before trial. This was decided in one of the cases cited, In re Lincoln, 202 U. S. 178 [26 Sup. Ct. 602, 50 L. Ed. 984], which cited other cases to the same effect. Subsequent cases have made the principle especially pertinent to the case at bar. Harlan v. McGourin, 218 U. S. 442 [31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849], was an appeal from a judgment discharging a writ of habeas corpus petitioned for after conviction, and it was held that the writ could not be used for the purpose of proceedings in error, but was confined to a determination whether the restraint of liberty was without authority of law. In other words, as it was said: 'Upon habeas corpus the court examines only the power and authority of the court to act, not the correctness of its conclusions.' Matter of Gregory, 219 U. S. 210 [31 Sup. Ct. 143, 55 L. Ed. 184], was a writ of habeas corpus brought after conviction, and we said that we were not concerned with the question whether the information upon which the petitioner was prosecuted and convicted was sufficient, or whether the case set forth in an agreed statement of facts constituted a crime—that is to say, whether the court properly applied the law, if it be found that the court had jurisdiction to try the issues and to render judgment. And for this many cases were cited."

My conclusion in this case is that the sentence of the petitioner is not absolutely void, that the natural and undoubtedly the proper inference from the extent and character of the sentence is that it was the purpose of the court to sentence the prisoner to five years on each of the first two counts in the indictment and a fine of $1,000 on each, and, while this was entered as a gross sentence for ten years and a fine of $2,000, it is not for that reason a nullity.

The $1 fine imposed by the court on the third count in the indictment seems to have been omitted from the sentence as stated in the commitment to the penitentiary. It, of course, would not be sufficient to change what has been said above. None of the fine has been paid, and Howard would not have to remain any longer in the penitentiary for the nonpayment of the $2,001 than he would for the nonpayment of the $2,000.

The petitioner must be remanded to the custody of the warden of the United States penitentiary at Atlanta, Ga.