## McCOLGAN et al. v. LINEKER et al.

(Circuit Court of Appeals, Ninth Circuit.   May 7, 1923.)

No. 3964.

Appeal and error ⬳76(I), 106—Order denying motion for designation of another judge not appealable.

> An order denying a motion, made under Judicial Code, § 20 (Comp. St. § 987), for designation of another judge to try a case is not appealable to the Circuit Court of Appeals, since it is not an order made appealable, and it is not a final judgment.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Suit in equity by Frederick V. Lineker, individually and as administrator of the estate of Norvena Lineker, deceased, and others, against Adelaide McColgan, administratrix with will annexed of the estate of Daniel A. McColgan, deceased, and another.   Defendants appeal from an order of the District Court.   Dismissed.

Alfred J. Harwood, of San Francisco, Cal., for appellants.

Wm. F. Rose, of San Francisco, Cal., and John L. Taugher, of New York City, for appellees.

Before GILBERT and RUDKIN, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge.   On January 22, on the trial of a suit of the appellees against the appellants herein, the latter interposed a defensive plea of res judicata.   Argument was had on the plea on January 24, 1922.   At the close of the argument certain comments upon the case were made by the trial judge, which were made the basis of an affidavit of personal bias and prejudice against the judge, and a motion that another judge be designated to try the case under the provisions of section 20 of the Judicial Code (Comp. St. § 987).   But the affidavit and motion were not filed until March 16, 1922, 13 days after the decision of the court upon the plea.   On August 21, 1922, an order was made denying the motion for designation of another judge.   From that order the present appeal is taken, the appellants assigning error to the denial of their motion.   No statutory provision is made for appeal from such an order.   Nor is the order a final judgment from which appeal may be taken, within the grant of appellate jurisdiction to the Circuit Courts of Appeals.   In Crooker v. Knudsen, 232 Fed. 857, 147 C. C. A. 52, this court said:

> "The Circuit Courts of Appeals are given no right to review other than final judgments, except injunction orders, and no judgment is final which does not terminate the litigation between the parties on the merits of the case, or on some severable phase thereof."

In Ex parte Am. Steel Barrel Co., 230 U. S. 35, 45, 33 Sup. Ct. 1007, 57 L. Ed. 1379, Mr. Justice Lurton intimated that the order in

such a case might be excepted to and assigned as error, and taken advantage of when the case finally should come under the reviewing power of an appellate tribunal.

The appeal is dismissed.