### SAUNDERS v. PIGGLY WIGGLY CORPORATION.

### PIGGLY WIGGLY CORPORATION v. SAUNDERS et al.

(District Court, W. D. Tennessee, W. D. September 17, 1924.)

Nos. 830, 831.

I. Judges ⊜⇒51 (4)—Facts stated in affidavit on motion for change of judge for bias assumed true.

On motion for change of judge for bias and prejudice, under Judicial Code, § 21 (Comp. St. § 988), the judge is required to pass on legal

sufficiency of motion, but in so doing must assume that facts stated in the affidavit are true.

**2. Judges ⊂⊃49(1)—"Personal bias or prejudice," to warrant change of judge, must be such as to influence judge in determination of case.**

Under Judicial Code, § 21 (Comp. St. § 988), providing for change of judge on affidavit that judge before whom action or proceeding is to be tried or heard has a "personal bias or prejudice," the bias or prejudice must be one which would influence the judge in determination of the case.

**3. Evidence ⊂⊃43(1)—Records of federal court matters of judicial knowledge.**

Records of federal District Court are matters of judicial knowledge.

**4. Judges ⊂⊃51(3)—Affidavit held insufficient to support motion for change of judge for personal prejudice or bias.**

In action to enjoin defendant from engaging in business in competition with plaintiff in violation of contract conveying business, good will, patents, inventions, copyrights, and trade-names to plaintiff, defendant's affidavit *held* insufficient to support his motion for change of judge for personal prejudice and bias, under Judicial Code, § 21 (Comp. St. § 988).

**5. Judges ⊂⊃51(1)—"Counsel of record," within statute providing for change of judge, must have represented affiant in pending proceeding.**

Under Judicial Code, § 21 (Comp. St. § 988), requiring "certificate of counsel of record" that application for change of judge for personal bias and prejudice has been made in good faith, the "counsel of record" must be one who has represented affiant in the pending proceeding.

**6. Judges ⊂⊃50—Judge may refuse to hear case because of personal prejudice, notwithstanding insufficiency of affidavit.**

Under Judicial Code, § 21 (Comp. St. § 988), providing for change of judge on affidavit of a party that the judge has a personal bias or prejudice against him, the judge may in his discretion refuse to hear the case on ground that he is disqualified because of personal prejudice or bias, notwithstanding insufficiency of affidavit.

Consolidated actions by Clarence Saunders against the Piggly Wiggly Corporation and by the Piggly Wiggly Corporation against Clarence Saunders and others. On application by Clarence Saunders for change of judge. Application granted.

See, also, 1 F. (2d) 572.

FitzHugh, Dixon & Osoinach, of Memphis, Tenn., for Piggly Wiggly Corporation.

J. W. Cutrer, of Clarksdale, Miss., and C. H. Williams, of Memphis, Tenn., for Saunders.

ROSS, District Judge. In these consolidated causes a motion was filed on the 3d day of September, 1924, by plaintiff in No. 830, who is one of the defendants in No. 831, with a view of having the regular judge of this court recuse himself in order that another judge may be designated to try the questions involved in the litigation.

The authority for filing such motion is to be found in section 21 of the Judicial Code, the same being the Act of March 3, 1911, c. 231, § 21, 36 Statutes at Large, 1090 (Compiled Statutes, § 988. This section is as follows:

"Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed in the section last preceding, or chosen in the manner prescribed in section twenty-three, to hear such matter. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one such affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith. The same proceedings shall be had when the presiding judge shall file with the clerk of the court a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action."

Prior to the Act of March 3, 1911, quoted above, there existed no such remedy in Federal courts, although it appears from investigation that such provisions have long existed in some of the states of the Union.

[1] Notwithstanding the seemingly arbitrary provision of the section quoted, that when such an affidavit is filed the judge shall proceed no further in the matter, the decided weight of authority is that it is the duty of the judge to pass upon the legal sufficiency of the motion. Such is the holding in effect of the Supreme Court of the United States in Berger et al. v. United States, 255 U. S. 22, 41 Sup. Ct. 230, 65 L. Ed. 481, the latest utterance of that court on this question. By this same authority it is held that it is not within the province of the judge, in whose court the motion is filed, to pass upon the truthfulness or falsity of the facts embraced in the affidavit required to be made in support of the motion, nor could counter affidavits of any of the parties mentioned in the motion be heard or considered if offered. Consequently it

becomes the duty of the court to test whether the motion in these cases is legally sufficient to accomplish the object sought. In so doing, under the authorities, no consideration can be given as to whether the facts set out in the affidavit are true or false, but for the purpose of determining whether the motion is good in law the facts must be assumed to be as stated. For this purpose, and this purpose alone, the matters contained in the affidavit filed in support of the instant motion will be so treated, regardless of the truthfulness or falsity of such statements.

If the judge of this court were at liberty to exercise his personal inclination, the object sought by the motion would be allowed, without considering the question of even the legal sufficiency, for the reason that in no instance does the judge of this court personally desire to pass upon the rights of parties to a suit wherein either litigant is possessed of the belief that he may not receive justice at the hands of the court, or when even a doubt exists in the mind of such litigant as to whether or not justice may be done him. However, courts are not warranted in thus easily avoiding responsibilities or thrusting aside duties, and where, by virtue of the position occupied and the law, a duty rests upon a court, that duty should be met and discharged in the manner in which the law contemplates, regardless of the personal desires or inclinations of the judge holding such court. There are doubtless many instances arising in the course of the administration of practically all courts where the judge would prefer not to assume certain responsibilities, or perhaps to be relieved of the burden of determining certain questions, but to seek such relief, except when there exists a conscientious belief that for some particular reason the judge should not preside over a case or determine the questions involved therein, would be a conscious failure on his part to meet the obligations of his office and wholly unwarranted from any viewpoint.

The various phases of section 21 above have been passed upon or discussed by the Supreme Court of the United States in Ex parte American Steel Barrel Co., 230 U. S. 35, 33 Sup. Ct. 1007, 57 L. Ed. 1379, and Berger v. United States, supra. United States District Courts and Circuit Courts of Appeals have had the section before them for discussion and for determination as to certain of its provisions in the following cases: Ex parte N. K. Fairbank Co., 194 Fed. 978 (Dist. Court, Middle Division, N. Dist. Ala.); Ex parte Glasgow, 195 Fed. 780 (Dist. Court, N. Dist. Ga.); Henry v. Spear, 201 Fed. 869, 120 C. C. A. 207 (C. C. A. 5); In re Ulmer, 208 Fed. 461 (D. C. N. Dist. Ohio, Eastern Division); Kinney v. Plymouth Rock Squab Co. et al., 213 Fed. 449, 130 C. C. A. 586 (C. C. A. 1). The only question considered in this case is whether or not section 21 applies to appellate courts and it is determined in this case that it does not. In re Equitable Trust Co. of N. Y., 232 Fed. 836, 147 C. C. A. 30 (C. C. A. 9); Shea v. U. S., 251 Fed. 433, 163 C. C. A. 451 (C. C. A. 6); Wierse v. U. S., 252 Fed. 435, 164 C. C. A. 359 (C. C. A. 4); Tjosevig et al. v. U. S., 255 Fed. 5, 166 C. C. A. 333 (C. C. A. 9); Keown v. Hughes, 265 Fed. 572 (C. C. A. 1).

The cases above cited likewise cite and quote from a number of others on the same subject, and it is believed that the cases herein cited and those cited by them are the principal ones which discuss and construe the section in question. While a consideration of these cases is interesting, yet it is not deemed necessary to enter into any discussion of the questions determined by them, further than as special reference may be made to certain of them hereinafter.

[2] Before a litigant can have the presiding judge, who otherwise would hear the case, removed, and another judge substituted, the first essential under section 21 is that it shall be shown that the presiding judge has a "personal bias or prejudice" either against such litigant or in favor of some opposite party to the suit. Clearly this should be a personal bias or prejudice which would influence the judge in the determination of the case. The words "personal bias or prejudice" carry with them the idea of such personal dislike of a litigant as an individual or party to the suit, or such personal favoritism or regard for some opposite party to the suit, as that the mind of the judge will be swayed or prevented by the one or the other from an impartial consideration of the merits of the controversy. Unless this personal bias or prejudice is established, the provisions of section 21 are not available. To merely charge in the words of the section that such personal bias or prejudice does exist is not sufficient, but it is incumbent upon the litigant, seeking to avail himself of the benefits of section 21, to go further and to state by affidavit "the facts and the reasons for the belief that such bias or prejudice exists," that such affidavit shall be filed not less than 10 days before the beginning of

the term of the court, or that good cause shall be shown for the failure to file it within such time.

Furthermore no party shall be entitled to file more than one such affidavit in any case, and no affidavit shall be filed, unless accompanied by a certificate of "counsel of record" that such affidavit and application are made in good faith. Manifestly it was not the intention of Congress, in the enactment of this section, to put it within the power of every dissatisfied or disgruntled litigant to file a mere charge of personal bias or prejudice, and thereby prevent the case being heard by some particular judge; but it is required of such litigant the further duty of filing an affidavit from which it may be determined from the charges made whether those charges, if taken as true, legally support the conclusion in the mind of the litigant that such bias or prejudice exists or whether to a reasonable mind they may be so considered. Ex parte N. K. Fairbank Co., supra. Clearly, if they should be frivolous or immaterial, or insufficient in law for any reason, the application should be denied. It would appear that any other construction of the statute would place it within the power of a litigant to virtually prevent a case ever being heard, if he so desired. Nor was it the intention of Congress to put it within the power of an oversensitive litigant, however honest he might be in his belief, to remove a judge merely because there existed in the mind of such litigant some imaginative reason or belief that the judge had formed a dislike for him, or within the power of a litigant to avail himself of this section by adroitly drawn and carefully considered insinuative statements, which apparently upon their face would show bias or prejudice.

To prevent such, Congress required that the "facts and the reasons" should be shown. Certainly such requirement could have but one meaning, and that is that, when such facts and reasons are set out, it may then be determined whether in law they sufficiently support the charge made. That this particular provision of section 21 was the result of careful consideration on the part of Congress is shown by the records. As pointed out by Mr. Justice Day in his dissenting opinion in Berger v. United States, supra, page 37 (41 Sup. Ct. 234), when the section in question was adopted by the House of Representatives, it was required that the affidavit set forth the reasons for the belief that personal bias or prejudice existed. Cong. Rec. vol. 46, pt. 3, p. 2626

et seq. But when the bill was presented to the Senate this section was amended, so as to require the affidavit to set forth the facts as well as the reasons for such belief. Sen. Doc. No. 848, 61st Cong. 3d Sess. The object of the amendment is obvious, and, as said by Mr. Justice Lurton in Ex parte American Steel Barrel Co., supra, pages 43, 44 (33 Sup. Ct. 1010): "It is a provision obviously not applicable, save in those rare instances in which the affiant is able to state facts which tend to show, not merely adverse rulings already made, which may be right or wrong, but facts and reasons which tend to show personal bias or prejudice."

It may be that the individual litigant sometimes ascribes to himself an undue importance as an individual in connection with the lawsuit, and imagines that his individuality or personality is being taken, or may be taken, into consideration by the judge before whom the suit is being tried, when as a matter of fact such judge may never think of the litigant as an individual, but only of the rights of the parties irrespective of their personnel. It is with the rights of litigants in cases such as these with which courts deal and with their rights alone.

[3, 4] The motion in question has attached thereto the affidavit of plaintiff in cause No. 830, who is one of the defendants in cause No. 831. To determine whether or not the affidavit is sufficient in law requires an analysis of the matters stated therein. The first charge is that the judge of this court has expressed himself in condemnatory terms of affiant, and by such expressions has unjustly ascribed and imputed to affiant "unlawful and base motives and purposes," which motives and purposes it is said are alleged to be controlling affiant in his prosecution and defense of the issues involved in the cases above styled; that such expressions were made "in the case at bar" when the judge was dealing with matters wholly independent of the litigation involved in the above styled causes. If nothing further appeared than this statement obviously it would be insufficient for the reason that the bare assertion that such statements had been made without showing what those statements were would be but a conclusion unsupported by facts. However it may be assumed that the matter set out in the third paragraph under the seventh head of the affidavit, wherein there appears a quotation from an opinion filed in equity cause No. 847 in this court, on March 28, 1924, is the matter referred to in the first ground of the affidavit. If this be taken as

true, yet the first ground must be considered as insufficient. The quotation as stated is from an opinion filed in a cause in this court. The records of this court are public records, matters of common knowledge, and matters of judicial knowledge, and while it is held by the authorities (Berger v. U. S., supra) that the facts should be assumed to be true for the purpose of determining whether such motion is good in law, that assumption would not extend to matters of judicial knowledge.

As to such matters the court will always take cognizance, even in a motion such as that now under consideration, and the court may look to its own records to determine their contents and their bearing upon the question under consideration when reference is made to such records. Louisville Trust Co. v. City of Cincinnati, 76 Fed. 296, 22 C. C. A. 334; Id., 164 U. S. 707, 17 Sup. Ct. 995, 41 L. Ed. 1183; In re Durrant (C. C.) 84 Fed. 314; Wigmore on Evidence, § 2579. Therefore the court will take judicial knowledge of the fact that this opinion was filed in determining a question involved in a suit wherein injunctive relief was sought against affiant and that the quotation referred to one of the issues presented in that suit, and the statement therein contained was made in passing upon a question necessarily involved in whether or not the plaintiff therein was entitled to the relief sought. It is further a matter of which the court will take judicial knowledge, the record being in this court, that an appeal was prayed and granted from the opinion in that case; that an opinion was handed down by the Circuit Court of Appeals of this Circuit, July 16, 1924, wherein, on passing upon the question of the issuance of the injunction in the case, it was said: "It is sufficient to say that it does not appear to this court that the trial court has abused its discretion or has exercised that discretion under *a misunderstanding or wrong comprehension of the facts* as they are made to appear by affidavits only, or the law applicable to these facts." Clarence Saunders v. Piggly Wiggly Corporation and Piggly Wiggly Corporation v. Clarence Saunders, 1 F. (2d) 572 (C. C. A. 6th Circuit, July 16, 1924). Furthermore it would be difficult to conceive how the statements contained in the quotation set out in the affidavit to which reference is above made could by any stretch of the imagination be considered as giving any evidence of any personal feeling on the part of the court toward affiant.

Under the fifth ground of the affidavit and the third paragraph on page 8 under the seventh ground thereof it is charged that by order of the court affiant was required to give excessive bonds as security for the payment of costs and fees to be allowed the standing master of the court to whom had been referred certain matters in causes 830 and 831, and that by reason of requiring such bonds affiant was compelled to avail himself of the benefits of the Bankruptcy Acts. These charges are likewise insufficient to show any personal bias or prejudice nor can they be made the basis for relief under section 21, mainly for two reasons: (1) Because within themselves there is no evidence of any personal bias or prejudice. The orders referred to are matters of record in this court in these causes and show that not only were these bonds required of affiant, but also of the opposite parties to the litigation and thus all were put upon an equal basis; and (2) because the matters complained of were orders made in the course of the litigation then and now pending, which litigation it is sought to have another judge determine, and such acts cannot be made the basis of allegations of personal bias or prejudice and are insufficient in law to support the same. They might have been made the subject of exceptions, and, if erroneous, in due time would be corrected by the appellate court. Berger v. U. S., supra.

The same may be said in a measure of the matters set out in the sixth ground of the affidavit, wherein it is said that the standing master was permitted to act in the capacity of temporary receiver of the estate of affiant and as referee in bankruptcy of affiant's estate while he continued to act as standing master. This is again referred to in another part of the affidavit under the seventh ground. By an order of court promulgated by the late Judge John E. McCall on the 6th day of February, 1914, which order appears upon the minutes of this court, and is therefore a matter as to which the court may take judicial knowledge, it is provided in substance that upon the filing of a petition in bankruptcy and an adjudication thereunder, in the absence of a special receiver being then appointed, the referee in bankruptcy shall become temporary receiver of the estate of the bankrupt pending the appointment of a custodian, trustee, or receiver in the cause. It may be said in passing that this is a very salutary rule, inasmuch as it preserves for the creditors the estate of the bankrupt from the time of the adjudi-

cation in that the referee becomes immediately responsible upon such adjudication for the estate. Acting under this rule, it may be the referee was for a time temporary receiver of the estate of affiant, and at the same time he was standing master of this court and the referee in bankruptcy; but how these acts could possibly be made to show that there existed any personal bias or prejudice in the mind of the judge against affiant the court is wholly unable to conceive. If the acts of the referee in so doing were erroneous, they should have been made the subject for relief by appropriate action on the part of affiant; but certainly they cannot now be complained of. This ground is likewise insufficient.

The grounds of the affidavit specifically referred to above have been considered first, and in the order in which they appear in the affidavit, for the reason that they are the ones wherein it is undertaken to set out specific grounds for affiant's belief, which grounds do not deal with acts of the judge relating to personal business matters or his personal associations with certain individuals.

The remainder of the affidavit needs no detailed discussion. It deals with matters wherein it is undertaken to show that the judge of this court had invested in certain financial enterprises, some of which antedate the litigation in question, and some of which have been subsequent thereto; that he has associated himself in certain business enterprises with certain individual business men; that some of these enterprises have been unsuccessful; that he has borrowed money from banks, some of which it is charged had been designated as depositories for bankruptcy funds (it may be here said that no bank can become a depository for bankruptcy funds until so designated by the court); that he and the standing master are on friendly relations, and that he, the standing master, and the trustee in the bankruptcy proceeding filed by affiant are likewise on friendly relations. Many matters are set out in the affidavit and referred to therein which are wholly frivolous, irrelevant, and immaterial, even if considered as true, and in no event could they be made the basis of a charge of personal bias or prejudice, and nothing can be found therein to legally support such conclusion; nor can anything be found in the affidavit as a whole to support the charge of personal bias or prejudice. Therefore the motion under section 21, in so far as it seeks to establish personal bias or prejudice upon the matters set out therein, is not well made.

The question is presented by the motion as to whether or not it should be considered for any purpose, in that the same is signed by C. H. Williams, as one of the attorneys representing affiant, and by Cutrer & Smith. From the statements of one of the counsel in open court it appears that Cutrer & Smith constitute a firm engaged in the practice of law in the state of Mississippi, and are resident citizens of that state. Under the rule of this court promulgated by his honor, the late Judge John E. McCall, June 19, 1918, it is necessary, before nonresident attorneys can appear in such matters in this court, that they shall associate with them a resident attorney admitted to practice in this court.

The certificate required by the statute as to the motion having been made in good faith was made by C. H. Williams, wherein it is stated that he is a resident of this judicial district, and it appears such is the fact. It further appears that, while Mr. Williams holds a certificate, signed by the clerk, showing that he was admitted to practice in this court on a former date, and from statements made in open court that he has appeared as attorney of record in this court in at least one other suit, yet there appears no order of the court on the minutes, nor is any order of the court produced, showing that he was so admitted to practice. This matter is mentioned because the statute is somewhat technical in its provisions. Therefore it may be that under a strict construction of the statute and the rules of this court the certificate appended to the affidavit is not made by one legally entitled to make the same.

It appears that under the rules the practice in this court has been that one desiring to be admitted, who was either a member of the bar of the Supreme Court of the United States or entitled to practice in the highest court of this state and a resident of this district, is entitled to practice in this court, but that, before being admitted, it is necessary that such party be introduced and admitted by order of the court. It is provided by section 747 of the Revised Statutes, p. 141 (Comp. St. § 1249), that "in all courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein." Under this statute only those who are qualified and have been admitted under the rules

could be admitted to practice. But this question is simply mentioned, and not here decided. See Ex parte Secombe, 19 How. 9, at page 13, 15 L. Ed. 565.

[5] A further question might be presented as to the sufficiency of the certificate, in that the section in question requires, as above stated, that the certificate shall be made by one who is counsel of record. It must be presumed that Congress used the phrase "counsel of record" advisedly, and that it is to be distinguished from the, phrase "attorney of record." The ordinary meaning of the phrase "counsel of record" would be that it referred to counsel representing affiant in the pending proceeding. It appears, so far as the court is advised, that prior to the filing of the motion in question counsel making the certificate nowhere appeared in the record as one of the counsel of record for affiant, and that those who do appear as counsel of record for affiant in the consolidated causes above styled, prior to the filing of the motion, do not appear in connection with the motion. The only case, so far as investigation has revealed, considering the question of who is entitled to appear in such a matter as counsel of record, is Ex parte N. K. Fairbank Co., supra. This is a most interesting and well-considered case. The question last mentioned is likewise merely suggested, without deciding whether the certificate, for the reasons suggested, is sufficient, as the court has preferred not to consider the sufficiency of the motion on either of these technical grounds.

[6] It may be that the motion should have been filed under section 20 of this act (Comp. St. § 987), but that question is not here presented. However, there is a further consideration which should be given this motion. It will be noted that the last sentence of section 21 provides that "the same proceedings shall be had when the presiding judge shall file with the clerk of the court a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action."

The question therefore arises as to whether or not, if the instant motion is not sufficient under the provisions of section 21 to establish personal bias or prejudice, it should be considered under this latter provision. The court is of opinion it should. The fact that counsel may misconceive a legal right of a client should not bar such client from the benefits which the law would otherwise accord him in such an instance.

So in this case it becomes then the duty of the court to consider the motion under the latter provision above quoted, however such matter is wholly discretionary with the court as to what action will be taken. A somewhat similar provision in section 20 of this act has been so construed. Coltrane v. Templeton, 106 Fed. 370, 377, 45 C. C. A. 328; McColgan v. Lineker (C. C. A.) 289 Fed. 253.

In the nature of the proceeding under consideration it would seem to be the imperative duty of the court to determine whether "for any reason" it would be improper to pass upon the litigation in question. This is a much more delicate duty than that which the court is called upon to decide under the other provisions of section 21. Under this provision a judge is called upon to determine the question as to how far he may or may not be swayed by human emotions, and in so doing he is indeed a poor judge of his own limitations. This places upon him the test of his own peculiar fitness to pass upon the rights of parties under such unusual circumstances, and brings him face to face with a consideration of the question as to whether he may or may not be moved by those things which would commonly affect the average man. The rights of parties are involved. Such parties are entitled to a determination of those rights by an individual sitting as a tribunal as to whose acts there should not exist in the mind of either party any doubt but what even and exact justice will be done and an impartial and an impersonal consideration and determination of the questions be made. As above said, no court should seek to evade a responsibility, and it would be cowardly to consciously place upon another a burden which such other should not bear. Yet in matters of the kind now under consideration probably the moving party should be given the benefit of the doubt, and while the instant motion may not be sufficient for any of the reasons above shown, yet, exercising the discretion allowed under the latter part of section 21, the judge of this court does now voluntarily and of his own motion recuse himself from a further consideration of this litigation, and the proper certificate will be filed whereby another judge may be designated to determine the same.

As has been above stated, the question of whether or not the matters set out in the affidavit are true or false has not been taken into consideration in the conclusions above reached, nor is any comment made in

that regard, for to do so would be unseemly in the court.

This opinion will be considered as filed in the cause styled "In the Matter of Clarence Saunders, in Bankruptcy, No. 5882," and a like certificate will be filed therein.