ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                          )
                                      )
████████████████████████             )   ASBCA No. 60652
                                      )
Under Contract No. W91B4M-09-P-7340   )

APPEARANCE FOR THE APPELLANT:         Mr. ████████████████
                                      Chief Executive

APPEARANCES FOR THE GOVERNMENT:       Raymond M. Saunders, Esq.
                                       Army Chief Trial Attorney
                                      CPT Matthew A. Freeman, JA
                                       Trial Attorney

OPINION BY ADMINSTRATIVE JUDGE DICKINSON ON THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICITON

The government moves to dismiss this appeal for lack of jurisdiction, contending that appellant failed to submit a claim pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. We grant the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 15 September 2009, the government awarded firm-fixed-price commercial item Contract No. W91B4M-09-P-7340 (contract) for $117,906 to appellant[*] for cleaning services at Forward Operating Base (FOB) Sheberghan in Afghanistan (R4, tab 1).

2. On 22 January 2010, the contracting officer (CO) emailed appellant with the name of the contracting officer representative (COR) and advised appellant, "He will let you know when you may begin work. At this moment there is nothing at the location for you to do. This is because no men are there for you to support." (R4, tab 4)

3. On 26 August 2010, the government issued Modification No. P00003, decreasing the amount of the contract from $117,906 to $617 and adjusted the period of performance, "as no work was performed on this contract" (R4, tab 7). Appellant signed Modification No. P00003 on 27 August 2010 (R4, tab 8).

---

[*] We caption the appeal to match the contractor's name on all correspondence and company letterhead. The contract uses a slightly different name.

4. The government asserts that it tried to contact appellant without success by emails dated 18 July, 24 July and 29 July 2013 in order to close out the contract (R4, tab 9). On 7 August 2013, the CO signed a contract completion statement (R4, tab 10). The government sent further emails to appellant on 14 June and 17 July 2014 seeking a release of claims (R4, tabs 11, 12). No response to any of this correspondence appears in the record. On 23 August 2014, the government de-obligated funds for the contract (R4, tab 14).

5. By email dated 28 June 2016, appellant filed a notice of appeal with the Board, averring that:

> We received the award of the subject contract no, we paid for
> the DBA cost, we received the NTP, we paid for the
> mobilization $27,000 and the project is terminated and not
> process, we inform the KO and COR, they said will email us
> to send them email to process for the DBA and Mobilization
> cost, but since that time, till now not got any email from
> them. [Syntax in original]

6. By correspondence dated 28 September 2016, the government submitted a motion to dismiss for lack of jurisdiction, asserting that the contractor had not filed a claim with the CO and "consequently, the [CO] has never made a final decision regarding this matter." (Gov't mot. at 1)

7. Appellant responded by correspondence dated 18 November 2016, referencing the appeal number of the present appeal (ASBCA No. 60652) and objecting to the government's motion to dismiss. The one-sentence objection was followed by a short paragraph that addressed only the subject matter of previously-dismissed appeal ASBCA No. 60556 and currently pending ASBCA No. 60928 in which appellant alleged damaged equipment. The correspondence made no mention of the DBA and mobilization costs which are the subject matter of the present appeal (ASBCA No. 60652).

8. By order dated 13 January 2017, the Board directed appellant to provide a copy of the claim it submitted to the CO regarding its demand for DBA and mobilization costs.

9. Appellant responded the same day with the following:

> It is sample case, my equipment burn in the US Forces base
> during work, the US Forces had problem how to pay the
> damage because they had no fund, I attached some proof,
>
> I did give all the proof to Ms, Hobert and waiting for her
> respectful decision, I need your cooperation to push our file

2

and finished because we have all proof and submitted all the document.

(Bd. corr. file, email dtd. 13 January 2017) (Syntax and punctuation in original) We understand appellant's response to deal with an entirely different subject matter presented in ASBCA Nos. 60556 (previously dismissed) and 60928 and to therefore be unresponsive to our request.

## DECISION

The CDA states, "Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). The Board's jurisdiction depends on the prior submission of a claim to the CO, followed by a written CO's final decision or circumstances that permit a "deemed denial." *See Taj Al Safa Co.*, ASBCA No. 58394, 13 BCA ¶ 35,278 at 173,157-58. Although the CDA does not define the term "claim," it is defined in the Federal Acquisition Regulation (FAR) 2.101:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.... A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

There is no requirement that a "claim" be submitted in any particular form or with any particular words, but it must be in writing and provided to a CO, with "clear and unequivocal statement[s] that gives the [CO] adequate notice of the basis and amount of the claim." *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987).

Appellant, as the proponent of the Board's jurisdiction, must establish that it submitted a written claim for payment to the CO. *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. Appellant has provided no evidence that it made any written request for payment to the CO. In its notice of appeal, appellant asserts that it paid DBA and mobilization costs, and after the project was terminated, "we inform the KO and COR." Appellant does not indicate it submitted a written request to the CO for these costs, but instead suggests it was waiting to receive an email from them. (SOF ¶ 5) Appellant's response to the government's motion to dismiss does not even reference its DBA

3

or mobilization costs. Instead, the response addresses an entirely different matter. (SOF ¶ 7) When directed by the Board to provide a copy of a claim it provided or attempted to provide to the CO regarding its DBA and mobilization costs, appellant again described the unrelated issue (SOF ¶¶ 8, 9). Because appellant has failed to establish that it submitted a claim to a CO for DBA and mobilization costs before filing this appeal, we lack jurisdiction.

## CONCLUSION

The government's motion is granted. The appeal is dismissed without prejudice to the contractor's submission of a claim to the CO.

Dated: 7 February 2017

DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60652, Appeal of █████ ██████████████████ rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4